## ¯Richardson¯ *against* Kuhn.

In an action of ejectment by a vendor against a vendee to compel the payment of purchase money, it is competent for the defendant to prove that the plaintiff's ancestor under whom he claims, had previously sold the same land to another person, and taken a mortgage for the purchase money, which had been sued, judgment obtained, and the land sold to a third person upon an execution on that judgment. The objection that that third person was an agent of the plaintiff, is rebutting evidence, but, is no reason for excluding the defendant's evidence.

ERROR to the common pleas of *Tioga* county.

Hartman Kuhn and Charles Kuhn against Thomas Richardson. Ejectment for a tract of land.

The plaintiffs having shown a contract of the 11th of August 1829, between them and the defendant for the sale and purchase of the land, and having read the writ and return on the same, And the counsel for the defendant having called on them to show that the land described in the writ is the same, that is mentioned in the contract:—they offered to prove by John Norris, that it is the same land, and that more land is described in the writ than is mentioned in the contract, and that the line dividing Elkland and Laurence township, divides the tract mentioned in the writ. The counsel for the defendant objects to the evidence, on the ground that there is a variance between the land described in the contract, and that claimed in the writ, both as to the description and townships, and that the same cannot be cured by parol evidence. The court admitted the evidence, and the defendant's counsel excepted.

After the plaintiffs' evidence was closed:

The defendant offered to prove by the evidence of John Norris, that Hartman and Charles Kuhn are the heirs at law of Adam Kuhn; also, they offer in evidence a deed from Adam Kuhn, to George Adams and George Allington, dated the 1st of February 1808, and a mortgage of the same date, from said Adams and Al-

lington, to said Adam Kuhn, for a part or all of the land in question. Also the record of a suit, No. 11, May term 1815, Adam Kuhn against George Adams and George Allington, *scire facias* on said mortgage, showing a sale by virtue of a *levari facias*, issued July 26th, 1817, to Robert Tubbs. Also, a deed from Benjamin Gitchell, sheriff of Tioga county, to Robert Tubbs and John Ryan, dated the 3d of October 1835, and acknowledged in open court on the same day. Also, a contract, dated December 22d, 1835, between John Ryan and Robert Tubbs of the one part, and Thomas Richardson, the defendant, for the purchase of the land in question.

The counsel for the plaintiffs object to the same, on the ground that the defendant went into possession under the plaintiff, and all the title that the defendant pretends to show under this offer, to himself, occurred subsequently to the article between plaintiff and defendants.

The court rejected the evidence and sealed a bill of exceptions at the instance of the defendant.

*Williston*, for plaintiff in error.
*Parsons*, for defendants in error.

Per Curiam.—There is nothing in the objection to the plaintiffs' evidence; but it is impossible to discover an available objection to the evidence offered by the defendant. The action is to enforce the payment of purchase money; and the plaintiffs insist, that the defendant is bound to pay, or surrender the possession obtained under the articles. He may be bound to do neither. The articles have not been exhibited to us; but it is to be presumed that he bargained for a title, and should it appear that it is not in the plaintiff's power to make it, they may not call on him to turn out without rescinding the bargain, restoring purchase money paid, and tendering compensation for intermediate improvements. It is not pretended that they have done this; and what did the defendant offer to show ? Directly that the land had been conveyed by the plaintiffs' ancestor, and sold to a third person on his mortgage for the purchase money. It may turn out to be true in fact, as the plaintiffs say, that this third person had bid the land in as their ancestor's agent, and that he procured the sheriff's conveyance to be made to himself surreptitiously; but that is matter to rebut and not to exclude. The evidence ought, therefore, to have been received.

Judgment reversed, and a *venire de novo* awarded.