# Wheeling, Pittsburgh and Baltimore R. R. Co., *versus* John Gourley and wife.

1. The rule that where part of a contract is in writing and part in print, the written part will prevail in the construction thereof over the printed part, only applies where there is a conflict or repugnance between the different parts of the contract.

2. An owner of land entered into articles of agreement with a railroad company whereby "*in consideration of $450 payable as thereinafter stated with interest, in full for right of way and all claims for damages*" he agreed to convey to the said railroad company, "by a good and sufficient deed in fee simple with covenant of general warranty" a certain strip of land. "Upon the delivery of said deed . . . at any time after the expiration of five years, the said . . railroad company agreed to pay . . . the said sum of $450." The portions of the above agreement cited in Italics were written, and the rest printed. *Held*, that there was no conflict or repugnance between the different parts of the agreement and that the plain intent of the parties was to contract for a conveyance of the strip of land in fee.

3. Where the owner of said land after entering into the above articles of agreement, conveyed the land to a third party, reserving to himself only the right to convey to said railroad company a right of way over said strip of land, *Held*, that he had put it out of his power to carry into execution his contract with the railroad company, and that therefore he could not bring an action of equitable ejectment, against said railroad company to enforce payment of the purchase money for said strip of land.

4. A vendor under articles of agreement who has parted with the legal title to the land and who has neither possession nor the right of possession, cannot bring an action of equitable ejectment to enforce the payment of the purchase money.

November 14, 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Washington county :* Of October and November Term 1880, No. 141.

Equitable ejectment, brought December 28th 1878 by John Gourley and Mary Jane his wife in her right, against the Wheeling, Pittsburgh and Baltimore R. R. Company to enforce payment of the consideration money and damages for a strip of

[Wheeling, &c. R. R. Co. *v.* Gourley.]

land thirty-three feet wide, occupied by the railroad of the defendant company.    Plea, the general issue.

On the trial, before HART, P. J., the following facts appeared:—The plaintiff, Mary Jane Gourley, claimed as devisee of John Marshall, deceased. Prior to September 28th 1860, the Hempfield R. R. Company entered and built a railroad track on a tract of land owned by John Marshall. On that date, the following agreement was entered into between Marshall and the Hempfield R. R. Company. This agreement was partly printed and partly written, the written words being here given in italics:—

"Memorandum of an agreement, made this 28*th* day of *September*, 1860, between *John Marshall*, of the county of *Washington* and State of *Pennsylvania*, of the one part, and the Hempfield Railroad Company, of the other part.

"In consideration of *four hundred and fifty dollars, payable as hereinafter stated with interest, in full for right of way and all claims for damages*, the said part*y* of the first part agrees and binds *himself* to convey to said party of the second part by a good and sufficient deed, in fee simple with covenant of general warranty, the following property, situated in the county of *Washington*, and state of *Pennsylvania*, that is to say, *a strip of land extending from the west boundary of Claysville borough along the centre line of the said railroad, to the property of George W. Bodkin, being on the south side of Back alley, and in width thirty-three feet on each side of the centre line in addition to the grounds occupied by the slopes of cuts and fills, but narrowing in width on the north side so as not to embrance the alley.* Upon the delivery of the said deed, duly acknowledged for record at any time after the expiration of *five years* from this date, the said Hempfield Railroad Company agrees to pay the said part*y* of the first part the said sum of *four hundred and fifty* dollars, with interest from date.

"Witness the signature and seal of said part*y* of the first part, and the signature of the president and the common seal of said railroad company.

"C. M. REED, *President*. [L. S.]"

Pursuant to a decree of the Court of Common Pleas of Washington county, the Hempfield Railroad with its appurtenances, was sold in 1871, and the purchasers organized the Wheeling, Pittsburgh and Baltimore Railroad Company under the provisions of the Act of April 8th 1861 (Purd. Dig. 290, pl. 1), which company has since been in possession of the said

strip of land. It did not appear that any tender of a convey-
ance or demand of the purchase money had been made from
the date of the said agreement on September 28th 1860 until
the bringing of this action on December 28th 1878. The plain-
tiffs then tendered and put on file a conveyance to the defendant
company of the right of way upon said strip occupied by the
railroad.

On February 3d 1866, the said John Marshall, by indenture
of that date, for a valuable consideration granted and conveyed
to A. J. Stillwagon in fee simple a large tract of land including
the strip occupied by the said railroad. This deed contained
the following reservation :—" The present grantor, reserving to
himself, his heirs and assigns, all damages arising from the run-
ning of the Hempfield Railroad through the above described
tract of land, also reserving the right to convey the right of way
through said land to the said Hempfield Railroad Company at
any time said company may pay the said grantor the damage
heretofore agreed upon."

The defendants presented, inter alia, the following point :—

1st. That by virtue of the conveyance of John Marshall—
from whom the present plaintiffs derive title—to A. J. Still-
wagon, dated 23d February 1866, the fee simple in the land in
dispute passed to said Stillwagon; and that consequently there
can be no recovery of said land, or any part thereof, by the
plaintiffs in the present action. *Answer.*—Marshall undoubtedly
conveyed the fee simple to Stillwagon; but with a reserva-
tion of the right to convey the right of way to the Hempfield
company, which is all he stipulated to do in the agreement of
28th September 1860. This point is, therefore, refused.

The court instructed the jury that the question of the con-
struction of the agreement of September 28th 1860, between
Marshall and the Hempfield Railroad Company, upon which
the case turned, was one of law for the court, and directed the
jury to find a conditional verdict pro forma for the plaintiffs
subject to the said question of law reserved.

Verdict accordingly for the plaintiffs for the strip of land in
dispute, to be released upon the payment by the defendant to
the plaintiffs of the sum $976.50.

Subsequently, after argument upon the point reserved, the
court entered judgment upon the verdict, HART, P. J., filing an
opinion holding that although the said agreement of September
28th 1860 contained a printed stipulation for the conveyance
by Marshall to the Railroad Company of the strip of land in
question " by a good and sufficient deed in fee simple with
covenant of general warranty," yet it was obvious from the
written portions of the agreement that the intention of the
parties was fixed upon the matter of the right of way and the

[Wheeling, &c. R. R. Co. *v.* Gourley.]

question of damages, and not upon the fee simple title to the land; that Marshall understood himself to be contracting to convey in perpetuum the right of way on payment to him of the damages agreed upon, and that he apprehended at the time that the company understood the agreement in the same way. His Honor therefore, held, that, there being a repugnancy between the printed and written portions of the agreement, the latter, according to the well established rule, must prevail; and that Mrs. Gourley, Marshall's devisee, being in a position, under the reservation in the deed from Marshall to Stillwagon, to convey to the defendant company a good title to the right of way, and having tendered and filed a deed therefor, was entitled to recover. The court, therefore, entered judgment on the point reserved, and on the conditional verdict, in favor of the plaintiffs.

The defendant thereupon took this writ of error, assigning for error the answer to the defendant's point above given; the decision of the court that the parties to the agreement of September 28th 1860 were contracting for the sale and purchase of an easement over, and not for the fee simple in the strip of land in question; and the entry of judgment as above.

*H. M. Dougan*, for the plaintiff in error.—To warrant the application of the rule as to the construction of agreements partly written and partly printed, adopted by the court below, there must be a clear repugnancy between such parts. In the agreement in question, there is neither repugnancy nor inconsistency. Marshall covenanted to do a single thing, viz., to convey to the Hempfield Railroad Company, by a deed in fee simple with covenant of general warranty, the land described, in consideration of $450. The fact that this was recited to be "in full for right of way and all claims for damages," is in no way inconsistent with the agreement to convey in fee simple. The railroad had been located and constructed prior to the date of the agreement, and the damages referred to may well have been intended to cover the claim for such previous use. Whether this be so or not, the recital is insufficient to warrant a court of equity in assuming the intention of the parties to have been different from that clearly expressed in the operative words of the contract, and in enforcing such assumed intention either by a bill in equity or an equitable ejectment.

*Braden* (with him *Miller*, and *A. W.* and *M. C. Acheson*), for the defendants in error.—The court below properly construed the agreement of September 28th 1860, and it was not questioned that Marshall, in conveying to Stillwagon, reserving the right of way and claim for damages, acted in good faith. The reservation is broad enough to protect every right of the

company to the strip of land, and Stillwagon makes no adverse claim. Marshall reserved the right to enter upon the strip of land in question, and to take possession of it, and use it for the purpose of its railroad. This right is a very different thing from an ordinary easement. The use of the land is exclusive against the world. It is also perpetual—that is, it has no limit to its duration except the will of the grantee. The public have no lawful access to it, or right over it, except at the option of its owner. What quality of a fee then does such an interest in land lack? None of any practical use. It is a mere dispute about words. An interest in land such as this is sufficient to fulfill Marshall's agreement, and to support the action of ejectment: McClinton v. Pittsburgh, Fort Wayne and Chicago Railroad Co., 16 P. F. Smith 404; Turner v. Reynolds, 11 Harris 199, 206; Hazen v. Boston & Maine R. R. Co., 2 Gray 580; Harlan v. Moore, 9 Watts 362.

Mr. Justice GORDON delivered the opinion of the court, November 25th 1881.

We cannot agree with the court below in its construction of the contract of September 28th 1860, between John Marshall, the devisor of Mrs. Gourley, and the Hempfield Railroad Company. The learned judge thought the printed parts of this instrument were inconsistent with, or repugnant to, the written parts thereof, and, therefore, in accordance with the rule laid down in Parsons on Contracts, and other authorities, adopted the latter to the exclusion of the former.

We have no fault to find with the rule to which reference is made, but we think it has no application to the case in hand. We can discover neither conflict nor repugnance in or among the different parts of this contract. It is indeed true that the main object of the company was to obtain the right of way for its railroad through Marshall's premises, and it is so expressed in the agreement; but how this can be inconsistent with a grant of the fee of the land over which that way was to pass, we cannot understand. "In consideration," reads the agreement, "of four hundred and fifty dollars, payable as hereinafter stated with interest, in full for right of way and all claims for damages, the said party of the first part agrees and binds himself to convey, to the said party of the second part, by a good and sufficient deed in fee simple, with covenant of general warranty, the following property;" and then follows a description of the land intended to be conveyed. Then, in order, comes this conclusion: "Upon the delivery of said deed, duly acknowledged for record, at any time after the expiration of five years after this date, the said Hempfield Railroad Company agrees to pay to the said party of the first part, the said sum of four hundred

and fifty dollars with interest from date." If this is not a specific agreement to convey in fee, we know not how such an instrument could be framed. Neither can we discover in its words, written or printed, the slightest ambiguity. The very easy and simple explanation of the contract is this: the railroad company wanted a right of way through Marshall's property, and in order to secure that right beyond all peradventure, it bargained with him for the fee of the land over which it was to to pass, and so, in turn, Marshall agreed to convey, and that the use to which the company intended to put the land was set out in the contract does not in the least obscure its terms. But on February 3d 1866, Marshall deeded the land in controversy to A. J. Stillwagon, reserving only the right " to convey the right of way through said land to the said Hempfield Railroad Company at any time the said company may pay the said grantor the damage heretofore agreed upon." But by this act Marshall deprived himself of the power of fulfilling his contract with the company, for what he thus reserved was not sufficient to meet his agreement. This fact is, of itself, fatal to the plaintiffs' case, for they ask the specific execution of a contract with the terms of which they, on part of the vendor, are unable to comply. But under a condition of things such as this, they cannot compel the vendee to the alternative of paying or turning out until they have tendered full compensation for the improvements which it has put upon the premises: Creigh v. Shatto, 9 W. & S. 82 ; Richardson v. Kuhn, 6 Watts 299.

But, beyond this, how can the plaintiffs maintain an equitable action of ejectment to enforce the payment of this purchase money, when the legal title is not in them ? or, for that matter, how maintain ejectment of any kind when they have neither title, possession, nor right of possession? The theory on which our equitable ejectment is founded is, that the vendor may thus use his legal title to enforce payment of the purchase money due him as long as he retains a lien upon that title, but when he parts with it or loses his lien, he can no longer resort to this action. He may even hold the legal title and yet not be able to use it to enforce payment. As in Brown v. Metz, 5 Watts 164, where the covenant by the vendor was to convey upon the payment of a certain portion of the purchase money, and, that portion being paid, it was held that he could not enforce the residue by ejectment. So, Thompson v. Adams, 5 P. F. Smith 479, is an example in point of the inability of a vendor to enforce payment by ejectment where the legal title has passed out of him, though he may still be entitled to the purchase money.

Again, let us suppose the defendant is compelled to turn

out and abandon the land now occupied by it; cui bono?—the plaintiffs gain nothing; they clear the land of Stillwagon, the owner of the fee, of an incumbrance which otherwise it would be obliged to support, but leave themselves empty-handed. It follows, that the position of the plaintiffs, from any and every standpoint from which it can be viewed, is untenable.

The judgment is reversed.