B. F. STURTEVANT COMPANY, Respondent, *v.* THE
    FIREPROOF FILM COMPANY, Appellant.

Contract — proposal for doing work and acceptance thereof by
letter — when contract thus made not affected by matter printed
in small type at top or bottom of office stationery.

1. When an offer, proposal or contract is expressed in clear and
explicit terms, matter which is not in the body of the instrument
or referred to therein, but is printed in small type at the top or
bottom of the office stationery of the writer, where it is not easily
seen, is not necessarily to be considered as a part of such offer,
proposal or contract, although the contract is written on such
stationery.

2. Where the question whether such matter was part of an
accepted proposal is not raised in the pleadings or on the trial, in
which case it might have been presented as a question of fact to
the jury, and it does not appear by inspection that such printed
matter was a part of the proposal, it is not ground for reversal of a
judgment against a party first making such claim on appeal.

*Sturtevant Co.* v. *Fireproof Film Co.*, 158 App. Div. 953, affirmed.

(Argued October 11, 1915; decided November 16, 1915.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered October 15, 1913, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*Charles F. Lauer* and *Adolph J. Rodenbeck* for appel-
lant. The alleged transaction did not create a contract
between the parties. (*Moulton* v. *Kershaw*, 18 N. W. Rep.
172; *Quick* v. *Wheeler*, 78 N. Y. 300; *Johnson* v. *A. P.
Cement Co.*, 122 App. Div. 345; *Rapoloritz* v. *Am.
Tobacco Co.*, 73 Hun, 87; *White* v. *A. K. Motor Car Co.*,
69 Misc. Rep. 627; *Velie Motor Car Co.* v. *Kopmeier Motor*

*Co.*, 194 Fed. Rep. 324.) Kuhn had no authority to act for defendant in the acceptance of the proposal. (*First Nat. Bank* v. *C. B. C. Water Works Co.*, 56 Hun, 412; *Improvement Co.* v. *Munson*, 14 Wall. 442; *Leinkauf* v. *Lombard*, 137 N. Y. 417, 426; *Fealey* v. *Bull*, 163 N. Y. 397; *Alexander* v. *Cauldwell*, 83 N. Y. 390; *Risley* v. *Indianapolis Ry. Co.*, 1 Hun, 202; *Jamison* v. *Citizens' Savings Bank*, 122 N. Y. 135; *First Nat. Bank* v. *Ocean Nat. Bank*, 60 N. Y. 274; *Mathias* v. *W. S. Springs Assn.*, 48 Pac. Rep. 624.)

*Harry Otis Poole* for respondent. There was no error of law as to the power of Kuhn to bind the appellant. (21 Am. & Eng. Ency. of Law, 852, 854; *Cone* v. *Empire Plaid Mills*, 12 App. Div. 314; *Phillips* v. *Campbell*, 43 N. Y. 271; *Olcott* v. *Tioga. R. R. Co.*, 27 N. Y. 559; *Pratt* v. *H. R. R. Co.*, 21 N. Y. 305; *Rathbun* v. *Snow*, 123 N. Y. 343; *De Groff* v. *American Linen Thread Co.*, 21 N. Y. 124; Cook on Corp. [6th ed.] 2353, 2356; *Martin* v. *N. F. P. Mfg. Co.*, 122 N. Y. 165; *Hastings* v. *B. L. Ins. Co.*, 138 N. Y. 479; *Oaks* v. *C. W. Co.*, 143 N. Y. 436.) The point made by appellant, that the contract was only a quotation and not binding, because not approved by respondent's executive office, is not well taken. (*French* v. *Carhart*, 1 N.Y. 96; *Nicoll* v. *Sands*, 131 N. Y. 24; *Woolsey* v. *Funke*, 121 N. Y. 87; *Insurance Co.* v. *Dutcher*, 95 U. S. 269; *Seymour* v. *Warren*, 179 N. Y. 6; *Tracy* v. *Albany Exchange Co.*, 7 N. Y. 474.)

SEABURY, J. This action is brought to recover damages for the breach of an alleged contract. The plaintiff and defendant are foreign corporations. The plaintiff is a designer and builder of heating and ventilating and drying apparatus. The defendant was engaged in building a factory for the manufacture and sale of motion picture films. On December 29th, 1911, the plaintiff sub-

mitted to the defendant an elaborate " proposal and specifications " which had been prepared after consultation with a representative of the defendant for the performance by the plaintiff of the work therein specified. The " proposal and specifications " was in the form of a letter addressed to the defendant and stated that "supplementing our quotation of December 6th, we beg to quote you upon the following apparatus, etc." The letter was typewritten and describes in detail the apparatus and specifies the terms, price and time of delivery. The specifications that are attached to the letter are printed although the " dimensions and data " relating to the apparatus are supplemented by typewritten statements. The letter is signed "B. F. Sturtevant Company, by J. L. Williamson." Upon the letter is indorsed the following: " Accepted: The Fireproof Film Company. H. Kuhn, Vice-President & Treasurer. Date, December 30th, 1911." The plaintiff actually commenced work under this alleged contract on January 1st, 1912. On January 5th, 1912, the defendant sent a letter to the plaintiff which was received several days later stating that "The contract for fans that was signed by me was to be submitted to the Board of Directors for their approval. This is what I omitted to tell you. So please hold off with same until I send it on to St. Louis to our president and Board of Directors. I have no doubt that they will accept the same, but if not, I shall have to cancel the contract. Yours very truly, Fireproof Film Company, H. Kuhn, Treasurer." Several letters passed between the parties and on February 10th, 1912, the defendant wrote to the plaintiff: " We notify you herewith that we will have to cancel the contract for fans for the Fireproof Film Company." In its answer interposed in this action the defendant denied that it entered into any contract with the plaintiff and alleged "that on December 30th, 1911, plaintiff and defendant's Vice-President and Treasurer executed a paper purporting to be a contract between the plaintiff and the

defendant, which paper and alleged contract was executed by the Vice-President and Treasurer of the defendant without the express or implied authority of defendant, its Board of Directors or its building committee, and said paper and alleged contract was subject to approval by defendant and plaintiff was so notified January 5th, 1912, and said paper purporting to be an alleged contract between the plaintiff and defendant was finally disapproved and cancelled on February 10th, 1912, by defendant and never was in force and binding upon the defendant, and never constituted a contract between the plaintiff and defendant." Upon the trial the defendant sought to defend upon the ground that Kuhn, its vice-president and treasurer, was without authority to sign the contract. Satisfactory proof of Kuhn's authority to act for the defendant was presented and the court submitted to the jury the question as to whether Kuhn was authorized to act for the defendant. It appears from the letters quoted above and the allegations of the defendant's answer, that the defendant disputed its liability upon the ground that Kuhn was not its authorized agent. Upon this appeal it still adheres to this contention, but the principal ground urged for the reversal of the judgment is that there was no contract between the parties because at the bottom of the first page of the plaintiff's office stationery, upon which the proposal was written, appear the words: " All agreements are contingent upon strikes, fire, accidents or delays beyond our control. All prices are subject to change without notice, and all contracts and orders taken are subject to the approval of the executive office at Hyde Park, Mass." These sentences are printed in very small type and the first typewritten numeral that indicates the page number is typewritten over this printed matter. The appellant claims that the proposal was given " subject to the approval of the executive office at Hyde Park, Mass.," and that as there was no proof that this approval was given and communicated to it, there was no contract.

It appears clearly that Williamson had authority to make the contract and that his action in so doing was ratified by the executive office of the plaintiff at Hyde Park, Mass. The plaintiff actually commenced to perform the work and continued working under the contract until it received the notice of the defendant that it had canceled the contract. The point now earnestly insisted upon was not litigated upon the trial and seems to be an afterthought that occurred to the defendant when it failed to defeat the plaintiff's claim on the ground that its vice-president and treasurer, Kuhn, was not authorized to make the contract in its behalf. The claim that is now urged rests entirely upon the contention that the clause "all contracts or orders taken are subject to the approval of the executive office at Hyde Park, Mass.," is to be deemed a part of the proposal. If this provision was a part of the proposal, there could be no proof of a contract in the absence of evidence that the order was approved and that the defendant had been notified of that fact. In view of the manner in which this provision is printed upon the stationery of the plaintiff it cannot be held, as a matter of law, that it was incorporated in and a part of the proposal. The language of the proposal is clear and explicit, and this provision, which is printed in small type, cannot be allowed to change, alter or modify it, unless it was a part of the proposal. It was not incorporated in the body of the proposal or referred to in it. No suggestion was made, either in the pleadings or the proof, that it was a part of the proposal. If an issue had been raised upon the trial, whether it was a part of the proposal, that issue would have presented a question of fact to be determined by the jury. As no such question was raised upon the trial, and as it does not appear from an inspection of the proposal that this provision was a part of it, the defendant is not now in a position to secure the reversal of this judgment upon this ground. When an offer, proposal or

contract is expressed in clear and explicit terms, matter printed in small type at the top or bottom of the office stationery of the writer, where it is not easily seen, which is not in the body of the instrument or referred to therein, is not necessarily to be considered as a part of such offer, proposal or contract. In *Sturm* v. *Boker* (150 U. S. 312, 327) it was said that "The contract being clearly expressed in writing, the printed billhead of the invoice can, upon no well settled rule, control, modify, or alter it." In *Summers* v. *Hibbard & Co.* (153 Ill. 102, 109) the court said: "The printed words were not in the body of the letter or referred to therein. The fact that they were printed at the head of their letter-heads would not have the effect of preventing appellants from entering into an unconditional contract of sale." In *Menz Lumber Company* v. *McNeeley & Company* (58 Wash. 223, 229) it was said that "The printed matter on the letter-heads was not referred to in either the order or the acceptance, and is not a part of the contract. * * * The construction contended for by the respondent would make that which is an absolute, unqualified acceptance upon its face, a conditional one by reference to a letter-head which was not referred to by either parties."

The other grounds upon which the appellant asks a reversal of the judgment are not such as to warrant discussion.

I advise that the judgment be affirmed, with costs.

Cuddeback, Cardozo and Pound, JJ., concur; Collin, J., concurs in result; Willard Bartlett, Ch. J., and Chase, J., dissent.

Judgment affirmed.