### COHEN et al. v. WALWORTH et al.

(City Court of New York, Trial Term.   May 10, 1916.)

**1. SALES ☞58—CONSTRUCTION OF CONTRACT—PRINTED PROVISIONS.**

Upon a sale of goods under a statement or order containing the buyer's name and address, the terms of credit, and the salesman's name, all in typewriting, received and confirmed by the seller, conditions, printed in small letters at the top of the order and above the description of the merchandise, that all sales and deliveries were set forth in the copy of the order, that if not in exact accordance with the conditions agreed upon it must be returned for correction, and that the order was given and accepted subject to a limit of credit determinable at any time by the seller, in the absence of a showing that the buyer's attention had been called to such conditions or that he had accepted them by his correspondence, were not binding on him.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 158, 161; Dec. Dig. ☞58.]

**2. CONTRACTS ☞152—CONSTRUCTION.**

It is not the province of the court to change the terms of a contract, even though it may be a harsh and unreasonable one; nor will the terms of a contract be ignored, in order that the dictates of equity may be followed, but its terms must be enforced, if such is the clear meaning of the language used.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 732, 733, 738; Dec. Dig. ☞152.]

Action by Louis Cohen and others against John P. Walworth and others.  Verdict directed for plaintiffs.

I. Gainsburg, of New York City, for plaintiffs.
Allen T. Hopping, of New York City, for defendants.

FINELITE, J.  This is an action brought by the plaintiffs to recover of the defendants alleged damages suffered by reason of the defendants' failing to deliver merchandise as purchased by the plaintiffs in pursuance of an agreement entered into and had between them.  At the close of the trial both sides moved for a direction of a verdict, and as the court was about to direct a verdict both sides consented that the court may reserve its decision upon the question of law involved and direct a verdict in accordance with the law and the evidence adduced upon the trial hereof.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It appears from the facts herein that between the 3d and 15th days of December, 1915, the parties hereto entered into an agreement wherein and whereby the plaintiffs agreed to purchase from the defendants and the defendants agreed to sell and deliver to the plaintiffs a certain kind of merchandise consisting of gabardine, poplins, and corkscrews; that said merchandise was to be delivered within a reasonable time; that the same was purchased at a fixed price agreed between the parties; that part of said merchandise was delivered as purchased, and for the nondelivery of the balance the plaintiffs predicated this action to recover damages. The defendants by their answer admit the making of the agreement for the sale of the merchandise referred to, that the balance of said merchandise was tendered to the plaintiffs, but that the plaintiffs failed to perform certain conditions, terms, and specifications of the contract on their part, and that they refused to accept or permit delivery of a portion of the said merchandise or pay therefor. A great deal of correspondence was had between the respective parties in reference to the nondelivery of the merchandise, irrespective of the credit which was originally given to the plaintiffs herein for the payment of said merchandise after delivery, the terms being 7—10—60, which were lived up to by the plaintiffs until the defendants insisted upon cash being paid before the balance of the merchandise of the original contract would be delivered. The plaintiffs thereupon paid in advance cash for the merchandise as purchased by them before delivery until such time as a serious question arose in reference to the nondelivery of the balance in pursuance of said contract as to whether the merchandise would be merchantable or marketable. The plaintiffs thereupon insisted upon the contract being lived up to, when, for the first time, the defendants raised the question as to certain printed matter upon the agreement which is claimed by the defendants as part of the original contract for the sale of the merchandise and which terms were accepted by the plaintiffs, which will be referred to hereafter.

[1, 2] The defendants, as the court recalls, failed to offer evidence in reference to the certain conditions printed on said statement or order or contract (as it may be called), or that the plaintiffs by their correspondence accepted the terms as therein printed as aforesaid, or that the attention of the plaintiffs was at any time called to said printed matter by the defendants in their correspondence in reference to the nondelivery of the balance of the merchandise as agreed to be delivered to the plaintiffs herein, but for the first time this question is raised upon the trial hereof. In referring to those conditions as contained in said agreement, which are printed in small letters at the top of the order and above the description of the color, style, shade, and price of the merchandise, which read as follows:

"* * * All terms of sale and deliveries are set forth in this copy of order. If not in exact accordance with conditions agreed upon, it must be returned for correction within *ten days* from its receipt. * * * This order is given and accepted subject to a limit of credit determinable at any time by the seller."

There is other printed matter above and between these two quotations which has no reference to the issues involved herein. Above and below said quotations are typewritten figures and statements, as well

as the name of the plaintiffs, their address and the terms of credit thereon, and also the name of the salesman, all in typewriting, which order or proposal as received by the defendants was confirmed and accepted by them. The serious question that arises is: Are the plaintiffs bound by the typewritten part of the order in reference to the purchase of the merchandise in question, its terms and credit thereon, or are they bound in addition thereto by the small printed matter on said proposal or order where their attention was not called thereto? Nor is it strictly speaking part of the contract, without their attention first being called thereto. It is true and well settled law in reasoning upon this question that:

"It is not the province of a court to change the terms of a contract which has been entered into, even though it may be a harsh and unreasonable one; * * * nor will the dictates of equity be followed if by so doing the terms of a contract are ignored, for the folly or wisdom of a contract is not for the court to pass upon. Its terms, however onerous they may be, must be enforced if such is the clear meaning of the language used." Michaelis v. Wolf, 136 Ill. 68, 26 N. E. 384; Peck v. Scoville Mfg. Co., 43 Ill. App. 360; Wheeling P. & B. R. Co. v. Gourley, 99 Pa. 171; Barhydt v. Ellis, 45 N. Y. 107.

In the last-named case the Court of Appeals made this clear and succinct statement:

"Effect must be given, if possible, to every part of an agreement; and it is only when there is an inconsistency or repugnancy which is totally irreconcilable, that a discrimination be made as to which part shall be made to yield to the other."

But, speaking on this question, Mr. Justice Seabury held in Sturtevant Co. v. Fireproof Film Co., 216 N. Y. 199, 203, 204, 110 N. E. 440, 442, which is analogous to the question involved herein:

"* * * In view of the manner in which this provision is printed upon the stationery of the plaintiff, it cannot be held as a matter of law that it was incorporated in and a part of the proposal. The language of the proposal is clear and explicit, and this provision, which is printed in small type, cannot be allowed to change, alter, or modify it unless it was a part of the proposal. It was not incorporated in the body of the proposal or referred to in it. No suggestion was made, either in the pleadings or the proof, that it was a part of the proposal. If an issue had been raised upon the trial whether it was a part of the proposal, that issue would have presented a question of fact to be determined by the jury. As no such question was raised upon the trial, and as it does not appear from an inspection of the proposal that this provision was a part of it, the defendant is not now in a position to secure the reversal of this judgment upon this ground. When an offer, proposal, or contract is expressed in clear and explicit terms, matter printed in small type at the top or bottom of the office stationery of the writer, where it is not easily seen, which is not in the body of the instrument or referred to therein, is not necessarily to be considered as a part of such offer, proposal, or contract. In Sturm v. Boker, 150 U. S. 312, 327 [14 Sup. Ct. 99, (37 L. Ed. 1093)], it was said that, 'the contract being clearly expressed in writing, the printed billhead of the invoice can, upon no well-settled rule, control, modify, or alter it.' In Summers v. Hibbard & Co., 153 Ill. 102, 109 [38 N. E. 899, 901 (46 Am. St. Rep. 872)] the court said: 'The printed words were not in the body of the letter or referred to therein. The fact that they were printed at the head of their letterheads would not have the effect of preventing appellants from entering into an unconditional contract of sale.' In Menz Lumber Company v. McNeeley & Co., 58 Wash. 223, 229 [108 Pac. 621, 624 (28 L. R. A. [N. S.] 1007)] it was said that 'the printed matter on the letterheads was not referred to in either the order or the acceptance, and is not a part of the contract. * * *

The construction contended for by the respondent would make that which is an absolute, unqualified acceptance upon its face, a conditional one by reference to a letterhead which was not referred to by either party.' "

It seems from the reasoning expressed herein that the defendants having failed to call the plaintiffs' attention to the printed matter in said proposal or contract, and as no evidence upon the trial herein was introduced to the contrary, and the defendants failing to support their answer herein, I fail to see wherein I can do otherwise than direct a verdict in favor of the plaintiffs for the sum of $521.26, with interest thereon, making a total sum of $529.08. Settle order on one day's notice.