Finch, J.
The action was brought to recover damages for breach of a contract, consisting of defendant’s alleged failure to receive and pay for certain Italian government bonds sold to it by the plaintiffs.
The defense of the defendant was that the plaintiffs did not deliver the bonds in accordance with the contract, and hence the defendant was within its rights in refusing acceptance, The plaintiffs practically sought to confess and avoid this defense by proof of the rules of the New York Stock Exchange, under which rules the defendant is required to give written notice of its intention not to accept the bonds before: the seller can be put in default for nondelivery. It is conceded that the defendant made no attempt to give such notice. The defendant objected to the introduction of these rules and to the applicability thereof to this contract, and the correctness of the admission of these rules presents the chief question for determination.
The contract consisted of a sales note signed by the defendant, which is as follows:'
*615 “ New York, March 21st, 1919.
“ Italian Discount & Trust Co.
“Attention Mr. Rubano,
“ 399 Broadway, New York:
“ We confirm having sold to you for Cash delivery through Merchants National Bank 42 Wall Str.
Price Tax
Amount Description amount com. Net amount
Lire 20,000 Italian 5% $2,780 00
1918 lire bonds 139 --
flat
denominations
1 to 10 thousand lire
(Stamp of Italian Discount and Trust Company — Mar. 22, 1919)
“ If the above confirmation is incorrect in any respect, kindly advise us at once.
Telephone
f 1576 “ JohnJ 1577 1097
“ Very truly yours,
“ Ivan Goldsmith & Co.
“ Per I. G.

"

“All the transactions involving the purchase or sale of securities are made by us subject to the rulesi and customs of the Exchange and with the distinct understanding that actual delivery is to be made.”
And a letter from the defendant to the plaintiffs: “We beg to confirm having purchased from you lire 20,000 Italian 5% 1918 issue at $139.00 per 1,000.”
The testimony disclosed that the plaintiff was practically in default in making delivery. The trial court *616 apparently held, however, that the rules and customs of the Stock Exchange governed and that as a matter of law the printed paragraph in relation to the same, alongside of the signature, was a part of the contract. In this the learned court would seem to have been in error. No issue of fact was raised as to what the intention of the parties was as to this particular provision, and its appearance alongside of the signature on the printed sales note did not make it as a matter, of law a part of the contract. As was said in Poel v. Brunswick-Balke-Collender Co., 216 N. Y. 310: “ When the printed matter is not evidently intended to be incorporated in the contract and the understanding of the parties is doubtful, it is to be determined, as similar issues are determined, as a question of fact in the light of the surrounding circumstances,” citing Sturtevant Co. v. Fireproof Film Co., 216 N. Y. 199. See, also, Thompson v. Baily, 220 id. 471. The court below, however, treated this printed paragraph, which was not apparently within the writing comprised above the signature, as a part of the contract practically at the opening of the case and so treated this issue as a matter of law when it should have been treated as an issue of fact and the defendant have had an opportunity to have been heard on said issue, to wit, whether the paragraph in question was a part of the contract or was a mere declaration on the part of the plaintiffs as to their general intention as a matter of policy.
For this reason the judgment must be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.
Guy, J., concurs in the result.
Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.