[Civ. No. 5040.  First Appellate District, Division One.—March 30, 1926.]

MAY HOSIERY MILLS (a Corporation), Respondent, v. G. C. HALL & SON et al., Appellants.

[1] CONTRACTS—PURCHASE OF GOODS—OFFER AND ACCEPTANCE.—Where a manufacturer of hosiery, after having received an order for certain quality of hosiery, sent a letter and confirmation order to the buyers which contained terms different from those contained in the buyers' order, the act of the manufacturer in proposing terms at variance with the buyers' proposal amounted to a rejection by it of the buyers' proposal and constituted a new proposal; and where the confirmation order was signed and returned by the buyers, as requested by the manufacturer's letter, the buyers were bound by the terms contained in said letter and confirmation order.

[2] ID.—PRINTED CONDITIONS ON ORDER—CONSTRUCTION.—Where such confirmation order contained all the elements and terms of a completed contract and lacked only the assent thereto of the defendants to whom it was addressed to make it such a contract; the mere presence of printed conditions upon the order, one of

1. See 6 Cal. Jur. 62, 63; 6 R. C. L. 608.

which was that any complaint as to quality of goods should be made within fifteen days after delivery of the goods, without special reference thereto, became no part of and cannot be read into the contract.

---

(1) 13 C. J., p. 277, n. 89, 90, p. 278, n. 3, p. 283, n. 47; 35 Cyc., p. 52, n. 40, p. 53, n. 45, p. 97, n. 13.    (2) 35 Cyc., p. 110, n. 52.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Joseph G. De Forest for Appellants.

Lucius L. Solomons and Fred C. Peterson for Respondent.

TYLER, P. J.—Plaintiff recovered judgment for the sum of $2,167.93 and costs, and defendant appeals.

The facts relating to the transaction show that about November, 1919, defendants purchased from plaintiff, through an agent, a certain quantity of hosiery. This particular purchase was made by sample and no written order for the goods was signed by the defendants. On February 10, 1920, before delivery was made, defendants wrote directly to plaintiff at its mills in Nashville, Tennessee, inclosing an additional order for 1500 dozen hose. This order designated the number, kind, size, etc., of the hosiery desired. Plaintiff in a written communication acknowledged receipt of the same and inclosed two copies of what is designated in its letter "confirmation copies" to cover the proposed purchase. The letter requested that one of them be signed and returned. The confirmation order, so called, contained a recital of the defendants' order as to kind, number and size of the hosiery ordered. These recitals were typewritten upon an order sheet bearing the name and insignia of plaintiff's mills. The letter and confirmation orders differed somewhat from defendants' proposal as to terms. The letter contained a postscript reading "our terms are net 30 days." The confirmation copies likewise differed in this respect, for they expressly provided "Terms, net 30 days, F. O. B. Mills." In addition thereto and as

part of the body thereof they provided "no expressage allowed on sample. This order is not subject to cancellation except per terms mentioned . . . " In the upper left-hand corner, inclosed in brackets, there was printed, among other conditions, a statement to the effect that any claim that the quality of the goods was not in accordance with the terms of the contract would not constitute cause for cancellation, and that the complaint as to quality should be made within fifteen days from the time of the delivery of the goods. This instrument was signed by defendants, and plaintiff made deliveries in accordance with its terms. The first installment was received by defendants on July 13, 1920, and the remainder between that date and August 19, 1920.

Defendants are commission merchants and the goods as received by them when sold were supplied to the trade in the original boxes. On September 15, 1920, defendants advised plaintiff that certain of the merchandise delivered did not comply with the sample and that portions of the goods sold had been returned to them by their customers as being inferior in quality. Considerable correspondence was had between the parties concerning the matter. Finally plaintiff advised defendants that the hosiery delivered measured up to the sample in every particular, and it referred defendants to the printed clause in the contract existing between them which provided that complaints to be valid must have been made fifteen days after shipments were received. It also called attention to a further printed condition giving plaintiff the right to replace any defective merchandise and it advised them that the company was ready to abide by the contract and replace any quantity of the merchandise that was not right. Certain samples were forwarded by defendants to plaintiff for its inspection, but plaintiff informed defendants that these measured up to the sample. The parties being unable to reach a settlement concerning their differences, defendants on the twelfth day of October, 1920, inclosed plaintiff a check for the sum of $350.06 in payment of the portion of the merchandise they had kept or disposed of, and they also reshipped to it the balance of the hosiery which they claimed to be defective. The goods so returned were, after notice to defendants, sold by plaintiff at public auction and the proceeds

credited to defendants' account, and this action was brought for the balance of the purchase price claimed to be due. After trial the court found, among other facts, that the hose shipped did not conform in quality, texture, or fineness to the sample, but that the articles were what was known as "seconds." It further found, however, that notice was not made within fifteen days after the receipt of shipments as provided for under the printed conditions contained on the face of the contract, and that in consequence plaintiff was under no legal obligation to make any offer to replace such portions of the merchandise as did not comply with the sample, and judgment was accordingly rendered in favor of plaintiff for the amount hereinabove mentioned. It is appellants' claim that the order given by them was accepted by plaintiff and that the printing contained on the order blank formed no part of the contract, and that defendants were, therefore, not limited to the time therein provided in which they might make objection to the quality of the goods.

[1]    There can be no question but that the real contract between the parties is found in plaintiff's letter and the instrument designated by it as the "confirmation" copy. The offer of defendants was made on February 10, 1920. This offer was not accepted by plaintiff, but, on the contrary, it made a counter-offer by its letter and the confirmation order, which contained terms, aside from the printed matter quite different, as above indicated, to those proposed. The act of plaintiff in proposing terms at variance with defendants' offer amounted to a rejection by it of defendants' proposal and constituted a new proposal. (Civ. Code, sec. 1585.)

A proposal imposes no obligation unless accepted as made, and may be revoked at any time before its acceptance is communicated to the proposer. (Civ. Code, sec. 1586.)

Defendants having signed and returned the qualified offer based upon terms varying from those proposed, accepted it and were bound by the terms thereof. (*Wristen* v. *Bowles,* 82 Cal. 84 [22 Pac. 1136].) [2] This being so, it only remains to be considered whether the printed conditions appearing in the upper left-hand corner of the order, one of which refers to the time within which objection is to be made to the quality of the goods, formed a part of the

contract. If they were, the judgment should be affirmed, notwithstanding the finding that the goods did not conform to the sample. If not, the judgment must be reversed. The rule seems to be firmly established that printed conditions on letter or billheads, or order blanks of the proposer not specially referred to or called to the attention of the other party to the contract, will not be regarded as a part thereof. (35 Cyc. 97; 13 Cor. Jur., p. 278, sec. 78.)

In accordance with this principle it has been held where an order was placed with the seller and the acceptance was by letter wherein the letter-head contained the printed words, to wit: "All sales subject to strikes and accidents," that these words were not part of the contract, even though they were in the very letter of acceptance. (*Summers* v. *Hibberd Spencer,* 50 Ill. App. 381; 153 Ill. 102 [46 Am. St. Rep. 872, 38 N. E. 899].) To the same effect is *Rosenbaum Hardware Co.* v. *Paxton,* 124 Va. 346 [97 S. E. 784]. In this case a letter-head accepting an order contained the following printed matter: "All agreements are contingent upon car supply, strikes and accidents, or other delay from cause beyond our control. No allowance from invoices will be made without certificate of National Hardware Lumber Association—Quotations subject to change without notice. Acceptance of order subject to prior sale." It was held that the effect of such printed matter did not qualify the absolute contract of purchase arising from the offer and the acceptance thereof in the absence of some specific reference thereto.

Again, in *Menz Lumber Co.* v. *McNeeley,* 58 Wash. 223 [28 L. R. A. (N. S.) 1007, 108 Pac. 621], it appeared that the parties entered into a contract of purchase and sale as evidenced by an order upon the stationery of one of the parties upon which was printed "Quotations subject to change without notice. Contracts made at home office only and contingent upon exigencies of transportation and accidents beyond our control," and it was held that as the printed matter was not specially referred to in the proposal or acceptance, it formed no part of the contract. (See, also, *Sturm* v. *Boher,* 150 U. S. 312 [37 L. Ed. 1093, 14 Sup. Ct. Rep. 99, see, also, Rose's U. S. Notes].)

The same doctrine was applied in *Cohen* v. *Walworth,* 95 Misc. Rep. 479 [158 N. Y. Supp. 1081]. In this case a sale

of goods was made under a statement or order containing the buyer's name and address, the terms of credit and the salesman's name, all in typewriting. It was received and confirmed by the seller. Conditions, as here, were printed in small letters at the top of the order and above the description of the merchandise to the effect that if the goods were not in accordance with the conditions agreed upon, they should be returned within ten days and it was held that the printed matter formed no part of the contract, there being no showing that it was called to the attention of the party by the correspondence. Again, in *Weeks* v. *Johnson Co.,* 116 Wis. 105 [92 N. W. 794], an order appeared upon a blank filled up with writing containing certain terms of the contract. At the top and above the dates appeared in printing, ''Terms net 30 days. Goods shipped at buyer's risk,'' and on the side, ''all claims for deficiency must be made within 15 days after receipt of the goods.'' It was held that the printed matter did not destroy, alter, or change the terms and conditions written in the order. (See, also, *Doddato* v. *Gatti-McQuade Co.,* 97. N. Y. Supp. 972.)

In *Patch* v. *Smith,* 105 App. Div. 208 [94 N. Y. Supp. 692], the memoranda of an order was written upon the face of a printed blank, used by the seller when his customers purchased lumber from him. The order was complete in itself, but contained at the bottom over the purchaser's name printed matter reading, ''this order is subject to acceptance at the main office.'' It was held that the printed condition constituted no part of the contract evidenced by such memoranda. We do not deem a further review of the authorities necessary. The offer as accepted contained all the elements and terms of a completed contract and lacked only the assent thereto of the defendants to whom it was addressed to make it such a contract. The mere presence of the printed conditions upon the order, without special reference thereto, became no part of the offer and they cannot be read into the consummated agreement. The contention of respondent in support of the judgment that it was the duty of defendants to have read their contract, and having read and signed it, they were bound thereby, is answered by what we have already said.

This conclusion makes it unnecessary to discuss other points raised by appellant. It is admitted that plaintiff is entitled to recover the sum of $350.06, the amount of the check returned to defendants which had been forwarded to it to cover the cost of goods retained by them.

It is therefore ordered that the judgment rendered herein be modified by substituting this amount for the judgment rendered.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 29, 1926, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 27, 1926.