IN RE LIQUIDATION OF FARMERS & MERCHANTS STATE BANK OF LAWLER.
SECURITY STATE BANK OF HOWARD LAKE v. ROBERT D. BEERY AND ANOTHER.[1]

October 27, 1939.

No. 32,088.

[1]Reported in 288 N. W. 19.

Oscar Hallam, for appellant.

Joseph W. Ryan, for respondent John Orjala, Trustee.

John C. Burwell, for respondent Commissioner of Banks.

GALLAGHER, CHIEF JUSTICE.

Appeal from an order of the district court distributing certain funds in the hands of the commissioner of banks as statutory liquidator of Farmers & Merchants State Bank of Lawler, Lawler, Minnesota.

On November 16, 1938, Robert D. Beery, commissioner of banks of the state of Minnesota, moved the aforementioned court for an order authorizing and directing him to pay a first and final dividend in specified amounts on certain claims against the aforementioned bank which was then in the process of liquidation. The motion was resisted by the Security State Bank of Howard Lake, Howard Lake, Minnesota (successor to the McGregor State Bank of McGregor, Minnesota). From the evidence adduced and stipulations made at the hearing of the motion, the district court made findings of fact which, so far as they are here important, are summarized in the following paragraphs.

On June 23, 1932, a personal judgment in the sum of $4,407.14 in favor of the McGregor bank and against the Lawler bank was duly made and entered. Except for a payment of $89.50 made on September 3, 1932, nothing has been paid on the judgment. On November 1, 1932, the Lawler bank was closed, and the commissioner of banks of the state of Minnesota took possession

of its property, business, and affairs. It is still in process of liquidation. Thereafter the McGregor bank was duly placed in process of reorganization under the provisions of L. 1933, c. 55 (3 Mason Minn. St. 1938 Supp. §§ 7690-10 to 7690-20), and on or about April 12, 1933, a plan of reorganization of said bank was duly presented to the unsecured depositors and creditors thereof and properly approved. This plan contemplated, among other things, that the bank would retain, as a reorganized and going concern, certain of its assets and that the remaining assets would be set aside as a trust fund to be liquidated for the *pro rata* benefit of existing unsecured creditors and depositors of said bank. The bank was reorganized and as such resumed business. A trustee of the aforementioned trust fund was duly appointed. Upon such reorganization, the judgment previously mentioned was treated as a "split asset," *i. e.,* it was accepted and retained by said reorganized bank at the time of reopening at a value of $1,825, and the balance of its face value was carried as an asset of the aforementioned trust fund. Thereafter the McGregor bank duly changed its name to Security State Bank of Howard Lake, Howard Lake, Minnesota. In the course of the liquidation of the Lawler bank (the judgment debtor), the Security State Bank filed its claim against said bank in the amount of $1,825 (the amount at which the judgment was retained by it as an asset). John Orjala, duly appointed successor to the trustee of the trust fund set up for the depositors and creditors of the McGregor bank, filed a claim in the amount of $7,284.14 against the Lawler bank, part of which amount was based on the trust fund's interest in the aforementioned judgment and the remainder of which was based on a judgment with which we need not here be concerned. No other claims were filed. The assets of the Lawler bank, including $1,275.35 previously paid to the Security State Bank by mistake, amounted to $3,358.57, less expenses approximating $200.

The agreement between the McGregor bank and its depositors and creditors, entered into on April 12, 1933, is included among

the exhibits admitted as evidence at the hearing. Section 4 thereof reads:

"It is further agreed that if any asset is retained by the reorganized bank at the time of the reopening at less than its face value, and the balance carried to the Trust Fund in the hands of the liquidating agent, all recoveries made on said asset shall be first applied toward liquidation of the reorganized bank's share until the same shall be fully paid before application is made on the share carried in the Trust Fund."

So far as the present appeal is concerned, only one legal problem was presented to the district court on the above facts, to-wit: How was the above mentioned $3,358.57, less expenses, to be distributed as between the Security State Bank and the trustee of the trust fund set up for depositors and creditors of the McGregor State Bank, predecessor of the Security State Bank?

The trial court concluded that the Security State Bank was entitled to priority of payment in the amount of $1,825 (the amount at which the judgment was retained by it as an asset) and that the trustee was entitled to the remainder of the assets available for distribution, less expenses.

The Security State Bank, appellant, now contends that the district court erred in failing to include in the amount as to which it has priority interest on the $1,825 from the date of the judgment.

Appellant's contention is based on American Surety Co. v. Peyton, 186 Minn. 588, 244 N. W. 74. In that case plaintiff sued as subrogee of the state of Minnesota for a deposit balance to the latter's credit in a bank which had been found insolvent and taken over for liquidation by the commissioner of banks. Defendant there contended that, although the state's claim was preferred by statute, no interest could accrue after the debtor's insolvency and sequestration of its assets for liquidation, there being insufficient property to pay the expenses of liquidation and all claims. It was held that, since the claim of plaintiff was superior to general claims and the fund available for distribution

was sufficient to pay all preferred claims, the plaintiff was entitled to interest. It was by reason of the relation of the creditor (to whose rights plaintiff was subrogated) to the insolvent debtor that the former was entitled to special privilege in the order of payment. The right to have the interest on the debt before debtors not so privileged were paid was held to be an incident of the status. The rule there enunciated has no application when all the creditors of the insolvent debtor stand, so far as their relations to the latter are concerned, on the same footing. In the instant case, the rights of the Security State Bank and of Orjala, as trustee of the trust fund set up for creditors of the McGregor bank under the reorganization plan, are, as against the Lawler bank, based on the same judgment. Neither has, insofar as the judgment itself is concerned, any superior right to first payment. The priority claimed by appellant rests entirely on the contract entered into between the McGregor bank and its creditors in 1933. Whether or not section 4 of that agreement, set out above, gives the Security State Bank, as successor to the reorganized McGregor bank, priority as to both its share of the judgment and interest thereon depends entirely on the judicially ascertained intent of the parties. The decision relied on by appellant, involving as it does an essentially different situation, has no application to the case before us. Section 4 of the agreement provides, as we have seen, that recoveries made on assets retained by the bank at less than face value and the balance carried to the trust fund should be first applied toward the "liquidation of the reorganized bank's share until the same shall be fully paid before application is made on the share carried in the trust fund." The contract does not state whether the bank's "share" includes interest on the $1,825 amount at which the judgment was treated as an asset of the reorganized bank. The ambiguity thus resulting must be resolved so as to give effect to the intent of the parties to the contract. A construction is to be avoided which would lead to unjust results. 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 1824, and cases cited in note 40. To allow appellant interest in this case would lead to an unjust result, for, in the

words of the district court, "allowance of interest, in the circumstances of this case, would not be collecting damages from the debtor for its tardiness in meeting its obligations, but would be mulcting one of the owners of a single judgment for the benefit of the other, for delays in insolvency proceeding, over whose progress neither had any more control than the other." The words of an instrument are to be taken most strongly against the party using them. Geib v. Haynes Corp. 185 Minn. 295, 240 N. W. 907, and authorities cited; Sitterley v. Gray Co. Inc. 199 Minn. 475, 272 N. W. 387. The agreement of which the provisions here involved are a part appears to have been framed by the McGregor bank. We therefore conclude that the reorganized bank's "share," as that word is used in the agreement in question, does not include interest, and for that reason the district court properly limited the priority of the Security State Bank to the principal amount which was carried by it as an asset.

Affirmed.