FRANZ POEL et al., Copartners under the Name of POEL & ARNOLD, Respondents, *v.* THE BRUNSWICK-BALKE-COLLENDER COMPANY OF NEW YORK, Appellant.

Appeal — unanimous affirmance cf findings by Appellate Division — when such affirmance does not preclude review of findings by Court of Appeals — action for breach of contract negotiated and completed by letters between parties — letters examined, and held not to constitute a contract which complies with Statute of Frauds.

1. An unanimous affirmance by the Appellate Division of findings of the trial court, that a contract alleged in the complaint was made, does not preclude the Court of Appeals from reviewing the question whether there was a contract between the parties, where it is evident that the contract, which the findings declare to exist, is based upon the letters or writings which passed between the parties and these letters are included in the findings. The question of law, whether these writings constitute a contract, and if so, whether they satisfy the provisions of the Statute of Frauds, survives the unanimous decision of the Appellate Division, and is subject to review by this court.

2. In order to satisfy the requirements of the Statute of Frauds a written note or memorandum of a contract must include all the terms of the completed contract. It is not sufficient that the note or memorandum may express the terms of a contract. It is essential that it should completely evidence the contract which the parties made. If, instead of proving the existence of that contract, it establishes that there was in fact no contract, or evidences a contract in terms and conditions different from that which the parties entered into, it fails to comply with the statute.

3. Where defendant sent an order for goods to be delivered, which order had printed upon it in clear type under the caption " conditions on which the above order was given," clauses stating certain requirements as to delivery of the goods and requiring prompt acknowledgment by the plaintiffs of the defendant's offer, as a condition of its acceptance, and such printed clauses are as plain and as prominently displayed upon the face of the order as the written matter, and are not in conflict with that which is written or printed, they must be deemed to be a part of the order, and cannot be eliminated therefrom by the court upon an inference as to the intention of the parties which is not reflected in the order or in any evidence that was received upon the trial.

4. This is an action to recover damages for the breach of a contract for the purchase of goods, which contract, plaintiffs allege, was negotiated and completed by letters between plaintiffs and defendant. *Held,* upon examination of the letters, that the proposal to buy the goods made by defendant was conditioned upon the receipt of the order being promptly acknowledged by the plaintiffs; that plaintiffs did not acknowledge the receipt of the order, and the proposal remained unaccepted, and, hence, there was no contract between the parties.

*Poel* v. *Brunswick-Balke-Collender Co.,* 159 App. Div. 365, reversed.

(Argued October 22, 1915; decided November 23, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 8, 1913, affirming a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel Untermyer* and *Irwin Untermyer* for appellant. No contract valid within the provisions of the Statute of Frauds was proved. (*Sydney Glass Works* v. *Barnes,* 68 Hun, 374; *Mahar* v. *Compton,* 18 App. Div. 540; *Nundy* v. *Matthews,* 34 Hun, 74; Bishop on Contracts [Ed. of 1887], 322, 323; *Myers* v. *Smith,* 48 Barb.

614; *Uhlam* v. *Day,* 38 Hun, 298; *Myers* v. *Trescott,* 59 Hun, 395; *Chicago & G. E. R. Co.* v. *Dane,* 43 N. Y. 240; *McCotter* v. *City of New York,* 119 N. Y. 434; *Barrow Steamship Co.* v. *M. C. R. R. Co.,* 134 N. Y. 15; *Hough* v. *Brown,* 19 N. Y. 111.)

*Aaron C. Thayer* and *Warren C. Van Slyke* for respondents. The unanimous affirmance by the Appellate Division of the findings that the contract alleged in the complaint was made, and that Rogers had authority to make it, leaves for review in this court only the question whether plaintiffs' exhibits constitute a sufficient memorandum, signed by the defendant, of this contract to satisfy the requirements of the Statute of Frauds. (*McManus* v. *McManus,* 179 N. Y. 329; *Marden* v. *Dorthy,* 160 N. Y. 46.) The memorandum signed by the defendant satisfies the requirements of the Statute of Frauds. (Browne on Stat. of Frauds [5th ed.], § 354a; *Newton* v. *Bronson,* 13 N. Y. 595; *Argus Co.* v. *Mayor, etc.,* 55 N. Y. 504; *Turner* v. *Robinson,* 55 Misc. Rep. 280; *Union National Bank* v. *Leary,* 77 App. Div. 332; *Brauer* v. *Oceanic S. N. Co.,* 178 N. Y. 345; Wigmore on Ev. § 2470; *Cave* v. *Hastings,* L. R. [7 Q. B. D.] 125; *Long* v. *Millar,* L. R. [4 C. P.] 450; *Thompson* v. *Menck,* 4 Abb. Ct. App. Dec. 400; *Beckwith* v. *Talbot,* 95 U. S. 289; *Smith* v. *Colby,* 136 Mass. 562.)

SEABURY, J. In this action the plaintiffs sued to recover damages from this defendant for the breach of an executory contract. The plaintiffs are the general partners of the limited partnership of Poel & Arnold. The defendant is a corporation organized under the laws of the state of New York. The theory of the action is that the defendant agreed to accept and pay for certain rubber which the plaintiffs agreed to sell to it, and that the refusal of the defendant to accept and pay for said rubber caused a breach of that contract. In the transac-

tions between the parties the defendant was represented by one C. R. Rogers, who carried on negotiations in behalf of the defendant and signed the letters purporting to come from the defendant, and which will be referred to below. In the court below several questions were litigated, viz., whether Rogers had authority to represent the defendant, and whether there was a contract and a sufficient written memorandum of such contract to satisfy the requirements of the Statute of Frauds. In our discussion of this case we shall assume, without deciding, that Rogers was authorized to represent the defendant in the action which he took. The plaintiffs contend that the unanimous affirmance by the Appellate Division of the finding that the contract alleged was made, makes it impossible for this court to review the question whether there was a contract between the parties. The unanimous decision of the Appellate Division doubtless imports that there is evidence supporting or tending to sustain the findings of fact made by the trial court. (*Marden* v. *Dorthy,* 160 N. Y. 39, 46.) In the case under review, however, it is evident that the contract which the findings declare to exist is based upon the letters or writings which passed between the parties and these letters are included in the findings. The question of law, whether these writings constitute a contract, and if so whether they satisfy the provisions of the Statute of Frauds, survives the unanimous decision of the Appellate Division and is subject to review by this court. If there was no contract between the parties it necessarily follows that the letters and writings relied upon by the plaintiffs as constituting the note or memorandum which evidenced the contract cannot be held to comply with the requirements of the Statute of Frauds. The plaintiffs contend that on April 2d, 1910, the defendant made an oral offer to the plaintiffs which the plaintiffs accepted in writing on April 4th, and that the contract so made is evidenced by the letter of January 7th, 1911, which was signed by the defendant and thus the require-

ments of the Statute of Frauds were satisfied. The initial difficulty in the way of accepting this contention is that it leaves out of consideration altogether the defendant's letter of April 6th, and would have us determine the rights of the parties upon the letters of April 2d and 4th and the defendant's letter of January 7th and close our eyes entirely to the intervening letter of the defendant of April 6th. Moreover, the courts below found that the transaction between the parties was set forth in the four letters referred to. Another difficulty in the way of accepting this contention is that the plaintiffs must stand or fall upon the writings. The plaintiffs cannot prevail upon the theory that the writings express a contract, different in its terms and conditions from the contract which the parties entered into. In order to satisfy the requirements of the Statute of Frauds the written note or memorandum must include all the terms of the completed contract which the parties made. It is not sufficient that the note or memorandum may express the terms of a contract. It is essential that it shall completely evidence the contract which the parties made. If instead of proving the existence of that contract, it establishes that there was in fact no contract or evidenced a contract in terms and conditions different from that which the parties entered into, it fails to comply with the statute. (*Juilliard* v. *Trokie*, 139 App. Div. 530; affd., 203 N. Y. 604; *Leach* v. *Weil*, 129 App. Div. 688; *Davis* v. *Shields*, 26 Wend. 341; *Wright* v. *Weeks*, 25 N. Y. 153.)

The application of this principle to the facts of the present case makes it necessary that we should disregard the alleged oral agreement which is said to have preceded the written communications that were exchanged between the parties and confine our attention to the writings. There are in this case four writings and upon three of them this controversy must be determined. They set forth with accuracy and precision the transaction between

the parties.    The oral evidence that was presented is in no way inconsistent with the writings, and if it were the spoken words could not be permitted to prevail over the written.    The writings referred to are as follows:

Poel & Arnold,
        277 Broadway,

                            New York, April 2, 1910.
Brunswick-Balke-Collender Co.,
        Long Island City,
                    L. I.

Gentlemen:

As per telephonic conversation with your Mr. Rogers to-day, this is to confirm having your offer of $2.42 per pound for 12 tons Upriver Fine Para Rubber, for shipment either from Brazil or Liverpool, in equal monthly parts January to June, 1911, about which we will let you know upon receipt of our cable reply on Monday morning.

Thanking you for the offer we remain,
                    Very truly yours,
                        POEL and ARNOLD,
                            Per W. J. Kelly.


Poel & Arnold,
        277 Broadway.

                            New York, April 4, 1910.
Brunswick-Balke-Collender Co.,
        Long Island City,
                    L. I.:

Gentlemen:

Enclosed, we beg to hand you contract for 12 tons Upriver Fine Para Rubber, as sold you today, with our thanks for the order.

                    Very truly yours,
                        POEL and ARNOLD,
                            Per W. J. Kelly.

Enclosed with this letter was the following:

Apr. 4/10

Brunswick-Balke-Collender Co.,<br>
Long Island City,<br>
L. I.

Sold to You:

For equal monthly shipments January to June, 1911, from Brazil and/or Liverpool, about twelve (12) tons Upriver Fine Para Rubber at Two Dollars and forty-two cents ($2.42) per pound; payable in U. S. Gold or its equivalent, cash twenty (20) days from date of delivery here.

On April 6th Rogers sent the following order to the plaintiffs. It is partly printed and partly written. The part in writing is italicised:

Purchase Dep't

Order<br>
No. 25409<br>
This number must appear on<br>
Invoices and Cases

THE BRUNSWICK-BALKE-COLLENDER CO.<br>
OF NEW YORK<br>
Review Ave., Fox and Marsh Sts.<br>
Long Island City, <i>4/6, 1910.</i>

M  *Poel and Arnold,*
    *277 Broadway, N. Y C.*

Please deliver at once the following, and send invoice<br>
with goods

*About 12 tons Upriver Fine Para Rubber at 2.42 per lb. Equal monthly shipments January to June, 1911.*

CONDITIONS ON WHICH ABOVE ORDER IS GIVEN

Goods on this order must be delivered when specified. In case you cannot comply, advise us by return mail stating earliest date of delivery you can make, and await our further orders.

The acceptance of this order which in any event you must promptly acknowledge will be considered by us as a guarantee on your part of prompt delivery within the specified time.

Terms                          F. O. B.

Respectfully yours,

The Brunswick-Balke-Collender Co.

of New York

Per *C. R. Rogers.*

January 7th, 1911.

Messrs. Poel & Arnold,

⅍ 277 Broadway, City.

Gentlemen:

We beg herewith to advise you that within the past few weeks there has come to our attention through a statement made to us for the first time by Mr. Rogers, information as to certain transactions had by him with you in the past, and especially as to a transaction in April last relating to 12 tons of crude rubber. Mr. Rogers had no authority to effect any such transaction on our account, nor had we any notice or knowledge of his action until he made a voluntary statement disclosing the facts within the past few weeks.·

In order that you may not be put to any unnecessary inconvenience, we feel bound to give you notice at the earliest opportunity after investigating the facts, that we shall not recognize these transactions or any others that may have been entered into with Mr. Rogers which were without our knowledge or authority.

Yours truly,

The Brunswick-Balke-Collender Co.

of New York

Per Chas. P. Miller,

Vice-Prest.

The first letter is of no legal significance, and only the other three need be considered. The fundamental ques-

tion in this case is whether these writings constitute a contract between the parties. If they do not, no question as to whether these writings meet the requirements of the Statute of Frauds need be considered. An analysis of their provisions will show that they do not constitute a contract. It is not contended, and in face of the provisions of the plaintiffs' letter of April 4th it cannot be claimed, that that letter is in itself a contract. It is a mere offer or proposal by the plaintiffs that the defendant should accept the proposed contract inclosed which is said to embody an oral order that the defendant had that day given the plaintiffs. The object of this letter was to have the terms of the oral agreement reduced to writing so that there could be no uncertainty as to the terms of the contract. The letter of the defendant of April 6th did not accept this offer. If the intention of the defendant had been to accept the offer made in the plaintiffs' letter of April 4th, it would have been a simple matter for the defendant to have indorsed its acceptance upon the proposed contract which the plaintiffs' letter of April 4th had inclosed. Instead of adopting this simple and obvious method of indicating an intent to accept the contract proposed by the plaintiffs the defendant submitted its own proposal and specified the terms and conditions upon which it should be accepted. The defendant's letter of April 6th was not an acceptance of this offer made by the plaintiffs in their letter of April 4th. It was a counter-offer or proposition for a contract. Its provisions make it perfectly clear that the defendant (1) asked the plaintiffs to deliver rubber of a certain quality and quantity at the price specified in designated shipments; (2) *it specified that the order therein given was conditional upon the receipt of its order being promptly acknowledged,* and (3) upon the further condition that the plaintiffs would guarantee delivery within the time specified. It may be urged that the condition specified in the defendant's order that the plaintiffs would guarantee the delivery of the

goods within the time specified added nothing of substance to the agreement, because if the offer was accepted the acceptance itself would involve this obligation on the part of the plaintiffs.  The other condition specified by the defendant cannot be disposed of in the same manner. That provision of the defendant's offer provided that the offer was conditional upon the receipt of the order being promptly acknowledged.  It embodied a condition that the defendant had the right to annex to its offer.  The import of this proposal was that the defendant should not be bound until the plaintiffs signified their assent to the terms set forth.  When this assent was given and the acknowledgment made, this contract was then to come into existence and would be completely expressed in writing.  The plaintiffs did not acknowledge the receipt of this order and the proposal remained unaccepted.  As the party making this offer deemed this provision material and as the offer was made subject to compliance with it by the plaintiffs it is not for the court to say that it is immaterial.  When the plaintiffs submitted this offer in their letter of April 4th to the defendant only one of two courses of action was open to the defendant.  It could accept the offer made and thus manifest that assent which was essential to the creation of a contract or it could reject the offer.  There was no middle course.  If it did not accept the offer proposed it necessarily rejected it.  A proposal to accept the offer if modified or an acceptance subject to other terms and conditions was equivalent to an absolute rejection of the offer made by the plaintiffs.  (*Mactier's Admrs.* v. *Frith,* 6 Wend. 103; *Vassar* v. *Camp,* 11 N. Y. 441; *Chicago & G. E. R. Co.* v. *Dane,* 43 N. Y. 240; *Sidney Glass Works* v. *Barnes & Co.,* 86 Hun, 374; *Mahar* v. *Compton,* 18 App. Div. 536, 540; *Nundy* v. *Matthews,* 34 Hun, 74; *Barrow Steamship Co.* v. *Mexican C. R. Co.,* 134 N. Y. 15.)

In *Hough* v. *Brown* (19 N. Y. 111, 114) it was held that a letter referring to a previous verbal proposition which

stated the terms of the oral proposition according to the understanding of the writers and accepted them and added to the acceptance the words "you will acknowledge the acceptance of the above," etc., was held not to constitute a contract, but merely a proposition for a contract. In his opinion in that case Judge COMSTOCK, referring to the requirement that the acceptance should be acknowledged, said: "This language, in such a connection, can mean nothing else than that the defendant was expected to signify his assent to the terms thus set forth. That being done, the agreement would be complete, and it would also be in writing, so as to leave no room for future controversy. This, we are satisfied, is the true interpretation of the letter; and it follows, that no contract was made consisting merely of the proposal at Buffalo, and the letter of the two firms referring to that proposal."

In *Barrow Steamship Company* v. *Mexican Central Railway Co.* (134 N. Y. 15, 22) the parties negotiated by letter for the transportation by the plaintiff of a party of immigrants from New York to Rome. In answer to a letter from the defendant which stated that there would probably be 250 or more in the party the plaintiff wrote confirming the understanding between the parties that the defendant would ship not less than 250. The letter closed with the words " Please confirm this and oblige." To this letter defendant replied that there was a probability that the party would exceed 250. The number furnished was 134 and in an action to recover for the breach of a contract to furnish 250 passengers it was held that as there was " no evidence of any definite understanding in respect to the number of pilgrims to constitute the party for transportation prior to that letter that appears in the record, the statement in the letter must be treated as a proposition on the part of the plaintiff. And to give it the effect of a contract between the parties the acceptance or adoption of it by the defendant was essen-

tial." The respondent and the courts below, while recognizing this principle of the law of contracts, failed to give it effect upon the theory that the conditions expressed in the defendant's order of April 6th were not a part of the defendant's offer. In reference to these conditions printed upon the offer of the defendant of April 6th the learned trial justice held that "it was never the intention that the printed matter had any bearing whatsoever upon the transactions." The learned justice writing for the Appellate Division said that the clause embodying this condition "was not intended to call for an acceptance particularly in view of the former transaction between the parties which distinguishes the case from *Hough* v. *Brown* (19 N. Y. 111)." There are, we think, valid objections to the position assumed on this point by the learned Appellate Division. There is no finding that there was any former transaction between the parties except the finding that "on each occasion on which Rogers had purchased rubber for the defendant prior to April 4th, 1910, he had done so on special order from the defendant." The fact that Rogers had on a former occasion purchased rubber on "special order from the defendant" could not serve to show that the acknowledgment and acceptance of the defendant's offer was unnecessary in view of the fact that the defendant had expressly annexed that condition to its offer. Moreover it appears from the record that the trial justice expressly excluded proof of the former transaction which was said to have taken place between the parties. The view of the trial justice that the printed matter was not intended to be a part of the contract rests upon his inference as to the intention of the parties. This intention is inferred from the conflict between the words printed at the beginning of the order, which calls for delivery "*at once*," and the written words, which require delivery to be made in the future. This conflict between the written and printed requirements *as to the date of delivery* does not serve to nullify the other

printed provisions of the order    When repugnancy exists between written and printed clauses of an instrument that which is written will prevail over that which is printed, but because there was a conflict between the printed and written clauses *as to the date of delivery* it does not follow that all the other printed clauses of the contract which are in no way repugnant to the other clauses in the contract, whether written or printed, are to be disregarded.    Under well-established rules the instrument is to be construed as a whole, and effect is to be given to every word or expression contained in it where there is no irreconcilable conflict.    (*Barhydt* v. *Ellis,* 45 N. Y. 107; *Kratzenstein* v. *Western Assurance Co.,* 116 N. Y. 54, 57.)    The rule upon this subject is well expressed by Judge Vann in *Kratzenstein* v. *Western Assurance Company* (*supra*), when he said: "When a contract contains two repugnant provisions, the one printed and the other written, it is well settled that the latter must control the interpretation of the instrument, as it is presumed to express the latest intention of the parties.   *   *   *   Unless the conflict is irreconcilable, however, this rule does not apply, but the principle prevails that contracts should be so construed as to give effect to every word and expression contained therein."    This rule is applied with greater liberality where it appears that the printed matter is in obscure type or placed where it would not be likely to be seen or where the printed matter was evidently not intended to be incorporated in the contract.    In such cases the printed matter has been accorded little influence in changing the clear and explicit language of a contract. (*Sturtevant Co.* v. *Fireproof Film Co.,* 216 N. Y. 199; *Sturm* v. *Boker,* 150 U. S. 312, 327; *Summers* v. *Hibbard, Spencer, Bartlett & Co.,* 153 Ill. 102; *R. J. Menz Lumber Company* v. *McNeeley & Co.,* 58 Wash. 223.)    When the printed matter is not evidently intended to be incorporated in the contract and the understanding of the parties is doubtful, it is to be determined, as similar issues are deter-

mined, as a question of fact in the light of the surrounding circumstances. (*Sturtevant Co.* v. *Fireproof Film Co.*, *supra*; *Clark* v. *Woodruff*, 83 N. Y. 518, 522.) In the present case the printed clauses are to the left of the signature of the defendant. They are printed in clear type under a caption printed in type larger than the other type, which caption plainly reads: "Conditions on which the above order is given." The printed clauses are at least as plain and as prominently displayed upon the face of the order as the written matter contained therein. They are not in conflict with that which is written. Under these circumstances they must be deemed to be a part of the order and cannot be eliminated therefrom by the court upon an inference as to the intention of the parties which is not reflected in the order or in any evidence that was received upon the trial. The clause requiring a prompt acknowledgment by the plaintiffs of the defendant's offer as a condition to its acceptance was not in conflict with any of the provisions expressed in that offer either written or printed and must, therefore, be given effect. When the defendant's letter of April 6th is so considered it becomes evident that it did not constitute an acceptance of the offer of the plaintiffs, but was a new proposition for a contract upon the terms therein proposed. The letter of January 7th by the defendant in which it declares that Rogers acted without authority refers to the "transaction in April last relating to 12 tons of crude rubber." This statement obviously refers to the matters set forth in the letters of April 4th and 6th, and if these letters do not, when read together, constitute a contract it is evident that when read in connection with the defendant's letter of January 7th they fail to express a contract. There was no contract because, as has been shown, the plaintiffs did not accept the counter offer of the defendant expressed in its letter of April 6th. That being so, this letter from the defendant some months later disavowing the authority of the salesman who sent the order cannot supply the omis-

sion of the plaintiffs to accept the offer which the defendant's salesman made. If we limit our consideration to the writings it is plain that there was no contract because the offer of the defendant was not accepted. If we should indulge the assumption, which we think we are not warranted in doing, that the writings do not correctly set forth the alleged previous parol agreement, then the writings cannot constitute a sufficient note or memorandum of that parol agreement to satisfy the requirements of the Statute of Frauds. Upon either proposition the plaintiffs have failed to establish a cause of action.

Having reached the conclusion that there was no contract between the parties it is unnecessary to discuss the other questions urged upon our attention by the appellant.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN and CARDOZO, JJ., concur; POUND, J., dissents.

Judgment reversed, etc.