HARPER TRANSP. CO. v. JOHNSON & HIGGINS.

(Circuit Court of Appeals, First Circuit. September 25, 1917.)

No. 1268.

1. FRAUDS, STATUTE OF ☞44(1)—CONTRACTS—PERFORMANCE WITHIN A YEAR.

Plaintiff, a corporation engaged in the business of marine insurance brokerage, in 1911, placed the insurance on defendant's vessels covering their voyage from the Great Lakes to the seacoast, and also covering their operation on the coast. Plaintiff was personally liable for the premium on only some of the policies; defendant being directly liable to the insurers for other premiums. In November, 1911, premiums for that year not having been paid, plaintiff and defendant, after various negotiations, agreed that plaintiff should have defendant's marine insurance business for the next two years, subject to defendant's approval of the rates at which the insurance should be written, and that plaintiff should forbear immediate suit for premiums paid by it, and should pay the underwriters, on defendant's account, the balance of the 1911 premiums. The agreement also provided that defendant should have an extension of credit until July, 1912, or thereabouts; payments being made at such times and in such amounts as defendants reasonably could, the whole indebtedness to be discharged by July, 1912. *Held* that, as the number of defendant's vessels might vary from time to time, and as plaintiff was to have the business of insuring such vessels subject to approval of rates, the contract was not one to be performed within a year.

2. FRAUDS, STATUTE OF ☞113—MEMORANDA—SUFFICIENCY.

Where the only memoranda of the terms of the contract were contained in letters, which did not set forth the terms of the contract as to the extension of credit and did not provide for payment by the plaintiff of the premiums on policies, where defendant was directly liable, the memoranda were not sufficient to take the case out of the New York statute of frauds, declaring that every agreement, promise, or undertaking not to be performed in one year from the making thereof is void, unless it or some note or memorandum be in writing and subscribed by the party to be charged, or by his agent.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Action by Johnson & Higgins against the Harper Transportation Company. There was a judgment (228 Fed. 730) for plaintiff, and defendant brings error. Reversed, with directions.

Robert E. Goodwin, of Boston, Mass. (Floyd G. Blair, George K. Gardner, and Goodwin, Procter & Ballantine, all of Boston, Mass., on the brief), for plaintiff in error.

John G. Palfrey, of Boston, Mass. (Pierpont L. Stackpole and Warner, Stackpole & Bradlee, all of Boston, Mass., on the brief), for defendant in error.

Before DODGE, and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge. This is a writ of error from a judgment of the United States District Court of Massachusetts, entered in

favor of Johnson & Higgins in an action brought by them against the Harper Transportation Company for breach of contract. The plaintiffs are a New Jersey corporation doing business in New York as marine insurance brokers. The defendants are a Maine corporation, with offices in New York and Boston, and operate a fleet of steamers and barges in the coastwise trade. They are lessees, not owners, of the vessels; the legal title to the same being held by the Philadelphia Trust, Safe Deposit & Insurance Company. Their fleet was built on the Great Lakes, and completed during the summer and fall of 1911; it consisted originally of four steamships and seven barges. In 1911 the plaintiffs placed the insurance on the defendants' vessels covering their voyages from the Great Lakes to the seacoast, and also covering their operation on the coast. The policies covering the voyages were known as voyage or trip policies, and those covering their operations on the coast as annual policies. The trip policies expired on the completion of the voyages, and the annual policies at various dates, beginning August 21, 1912, and ending some time in November, 1912. Some of the 1911 insurance was placed abroad, and the plaintiffs were liable for the premiums on such policies, and were also liable for the premiums on the policies which they had procured to be written by the Atlantic Mutual Insurance Company of New York. As to the premiums on the balance of the policies, the defendants were directly responsible to the underwriters. The plaintiffs received their compensation for placing the insurance from the underwriters; it being a certain percentage of the premiums.

In November, 1911, the premiums on the 1911 policies had not been paid, and the plaintiffs were pressing for payment and threatening suit. After various interviews and much correspondence had taken place, about an extension of credit as to premiums overdue and the placing of the insurance for the years 1912 and 1913, it was found by the court below that the parties, within a few days after January 12, 1912, entered into a contract whereby it was agreed that the plaintiffs should have the defendants' marine insurance business for the next two years, subject to the latter's approval of the rates for which the insurance should be written; that the plaintiffs should forbear immediate suit and pressure, should pay the underwriters on the defendants' account the balance of the 1911 premiums, and should grant the defendants' an extension of credit to July 1, 1912, or thereabouts; that the defendants should make payments on their 1911 premium account at such times and in such amounts as they reasonably could from the receipts of their business; and that the account should be paid in full by July 1, 1912, or thereabouts. It was also found and ruled that the contract for placing the insurance for the years 1912 and 1913 was an entire contract; that the defendants, by placing the insurance for 1912 with another broker and refusing to permit the plaintiffs to place it, were guilty of a breach of contract going to the essence; that the plaintiffs were not in default; that the contract was not by its terms to be performed within one year, and was within the statute of frauds, but that it was sufficiently evidenced by writings to take it out of the statute.

Various errors are assigned, but we do not deem it necessary to

consider them all, if the contract was not to be performed within a year, and the writings did not sufficiently evidence the contract which the court found the parties entered into.

[1] It does not seem to us that the court erred in ruling that the contract was not one to be performed within a year. By its terms the plaintiffs acquired the right to place the insurance on the fleet through the years 1912 and 1913, provided it procured a rate agreeable to the defendants; and the defendants bound themselves to accept the plaintiffs' services on those terms. The contract did not relate simply to renewals of the 1911 and of the 1912 insurance as the fleet was constituted at the time of making the contract, but obligated them to procure insurance on the defendants' fleet, whether it was made larger or smaller, at any time within the two years. Until that period had expired, it could not be determined whether the plaintiffs would or would not have to render further service under the contract; for the defendants might increase or reduce the number of their vessels, or might desire to increase their insurance, or otherwise change any of their outstanding policies, during the specified period. If it would have been possible for the plaintiffs to have placed the renewals of the 1912 insurance within a year from the making of the contract, it would not have been possible for them to have rendered all the service within that period which they contracted to perform.

[2] No question is raised but that the contract is governed by the law of the state of New York, and that, under the statute of frauds of that state:

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: (1) By its terms is not to be performed within one year from the making thereof." Laws N. Y. 1897, vol. 1, p. 510.

And, as we are of the opinion that the contract, by its terms, is not one to be performed within one year from the making thereof, the question remains whether it was evidenced by some note or memorandum in writing sufficient to take it out of the statute.

In Poel v. Brunswick-Balke-Collender Co., 216 N. Y. 310, 110 N. E. 619, the Court of Appeals for that state, in the year 1915, in considering a similar question involving the interpretation of its statute of frauds, said:

"In order to satisfy the requirements of the statute of frauds, the written note or memorandum must include all the terms of the completed contract which the parties made. It is not sufficient that the note or memorandum may express the terms of a contract. It is essential that it should completely evidence the contract which the parties made. If, instead of proving the existence of that contract, it establishes that there was in fact no contract, or evidences a contract in terms and conditions different from that which the parties entered into, it fails to comply with the statute."

It is therefore necessary, in considering this question, to keep in mind the terms of the contract which the court found the parties actually made, in order to ascertain whether the writings upon which

the plaintiffs rely, either expressly or by implication, embody all of its terms so as to take it out of the statute.

There is no question but that, both by the terms of the contract as found by the court and the proposals as evidenced by the writings, it was understood and agreed that the plaintiffs should have the defendants' marine insurance business for the years 1912 and 1913, subject to the latter's approval of the rate. It also seems to us that it is reasonably certain, both from the contract as found and the writings, that the plaintiffs were to forbear immediate suit and grant an extension of credit; but in the contract the terms upon which the credit was to be given, both as to the times of payment and amounts, differed materially from those stipulated in the writings. According to the contract, the defendants were to have an extension of credit until July 1, 1912, or thereabouts, and in the meantime were to make payments on their 1911 premium accounts, at such times and in such amounts as they reasonably could from the receipts of their business; but no writing was put in evidence which reasonably can be construed as embodying such an agreement. The letter of November 18, 1911, upon which the plaintiffs chiefly rely, is the only writing in which terms for an extension of credit are specified. But this writing does not aid the plaintiffs, for the terms of credit there proposed are widely different from those found to have been finally agreed to by the parties. The terms of payment were vital elements of the contract, and, unless evidenced by writing, render the contract void under the New York statute.

It further appears that, under the contract as found by the court, the plaintiffs were to pay the underwriters the 1911 premiums on the domestic policies upon which the defendants were directly responsible to the underwriters. This obligation was not expressly provided for in any of the writings put in evidence, and it may be doubtful whether it was involved by necessary implication in any of the propositions which the writings contained. Moreover, the writings that passed between the parties embodied terms that were in no way contained in the contract as found by the court, and the letters of January 17, 1912, and January 18, 1912, disclose that the parties' minds had not met upon the terms proposed in the writings; that the conditions upon which payment was to be made of the balance due the plaintiffs had not then been agreed upon.

The judgment of the District Court is vacated, the verdict is set aside, the case is remanded to that court for further proceedings not inconsistent with this opinion, and the plaintiffs in error recover their costs in this court.