WALDO I. SHUMAN and Another, Appellants, *v.* IVAN
    GOLDSMITH and Another, etc., Respondents.

(Supreme   Court,   Appellate   Term,   First   Department,   March
                Term — Filed April, 1921.)

**Stock brokers — selling out under the rules — damages.**

On a Saturday, the day after a sale of certain securities
by plaintiffs, members of the New York Stock Exchange, to
defendants, who are not, a confirmation of the sale was received
from defendants, at the foot of which appeared the following:
"All transactions involving the purchase or sale of securities
are made by us subject to the rules and customs of the Exchange
and with the distinct understanding that actual delivery is to
be made." Defendants requested plaintiffs, as matter of accom-
modation, to deliver the securities to a certain trust company.
No delivery was made on the following Monday or on the next
day, which was a holiday, and when on Wednesday the securities
were tendered to the trust company they were refused, and,
upon being sold out for defendants' account, in accordance with
the rules of the stock exchange, there was a loss to plaintiffs.
The relevant rule of the Exchange was to the effect that when
a delivery is not made in time, the purchaser may not take
advantage of the seller's default until after giving notice of
intention to " close the contract," which notice it was conceded
had not been given by defendants. *Held,* that in an action for
defendants' failure to accept the securities, plaintiffs were
entitled to judgment for the difference in the market value of
the securities.

A contention of defendants that a previous decision of this
court in which it was held that in an action in which the defend-
ants herein sued the trust company upon a corresponding liability
with that sought to be enforced in the present case, the notice
at the foot of defendants' confirmation of the sale, regarding
the applicability of the rules of the Stock Exchange, was not
a part of the contract between the parties to that suit, was
controlling in the present action, was untenable, and a judgment
directed in favor of defendants in the present action will be
reversed with costs, and judgment directed for plaintiffs in
the full amount claimed, with costs in the court below.

Appellate Term, First Department, April, 1921.    [Vol. 115.

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of defendants, after a trial by a judge without a jury.

Harry R. Kohn, for appellants.

Paskus, Gordon & Hyman (Julian T. Abeles, of counsel), for respondents.

LYDON, J. Plaintiffs sue for loss sustained by them (being the difference in the market price) for failure of defendants to accept delivery of certain securities sold by plaintiffs to the defendants. The sale was concededly made on March 21, 1919, which was a Friday. A comparison slip (as it is called, being really a memorandum of the sale) was sent by plaintiffs to defendants and stamped by defendants on the same day. On the following day — a Saturday — a confirmation was received from defendants at the foot of which appeared an inscription: "All transactions involving the purchase or sale of securities are made by us subject to the rules and customs of the Exchange and with the distinct understanding that actual delivery is to be made." Defendants requested plaintiffs as a matter of accommodation to deliver the securities to the Italian Discount and Trust Company. No delivery was made on Monday, March twenty-fourth; Tuesday, March twenty-fifth, was a holiday because of the parade of the Twenty-seventh Division upon their return from France, and when the securities were tendered to the Italian Discount and Trust Company on Wednesday, March twenty-sixth, they were refused. Thereupon plaintiffs pursued the course provided in the rules of the Stock Exchange of selling the securities out for defendants' account resulting in the difference of price or loss herein sued for.

Plaintiffs are members of the New York Stock Exchange, defendants are not.

One of the plaintiffs' witnesses testified without contradiction that it is the custom "that all tradings in Wall street between the members of the New York Stock Exchange and nonmembers are subject to the rules of the New York Stock Exchange." The only objection taken to this testimony was on the part of defendants' counsel: "I object to that. He is indirectly trying to prove the rules of the Stock Exchange. There is nothing brought to our notice of any rules." I do not understand the objection, but in view of the inscription concededly appearing on the defendants' confirmation slip, it is perfectly clear that the defendants both knew the rules and regarded the transaction as subject thereto, so that we have the unexplained, and as I understand it, conceded fact that defendants expressly notified plaintiffs that the rules of the Stock Exchange governed this transaction, and the uncontradicted fact that such was the custom as applied to this transaction. The relevant rule of the Exchange is to the effect that where a delivery is not made in time the purchaser could not take advantage of the seller's default until after giving notice of intention to "close the contract," which notice it was conceded had not been given by defendants.

There being no dispute as to the facts in the case, it would seem to be clear that the plaintiffs were entitled to the judgment. Defendants, however, on the trial and upon this appeal, contend that the case is controlled by a previous decision of this court made under the following circumstances. The defendants here sued the Italian Discount Company upon a corresponding liability with that sought to be enforced in the instant case. Upon appeal to this court it was

held that the notice at the foot of defendants' confirmation regarding the applicability of the rules of the Stock Exchange was not a part of the contract between the defendants here and the Italian Discount and Trust Company, upon the authority of *Poel* v. *Brunswick-Balke Collender Co.,* 216 N. Y. 310.

It is also urged by the defendants that since the same evidence was given by the same witnesses in the other case the decision on the appeal therefrom governs this case. It seems to be perfectly clear that no such conclusion can possibly follow, but that the contrary is manifestly true. The testimony of the custom in the case in which the present defendants were plaintiffs (if indeed any such testimony was given) was utterly irrelevant because it applies only where one of the contracting parties is a member of the Exchange. In the next place, it was held on the previous appeal that the mere appearance of an inscription on a paper sent by the plaintiffs there to the defendants there did not become a part of a contract between those two parties without evidence that the defendants there so understood. In the instant case the inscription on defendants' confirmation slip is at the very least an admission on defendants' part, and since plaintiffs have proved the custom which bound them as well as the defendants to the same effect as defendants' admission on the slip, we have conclusive evidence that the contract in the instant case was made with reference to that custom.

Judgment reversed, with $30 costs of this appeal, and judgment for $264 in favor of plaintiffs, with appropriate costs in the court below.

Judgment reversed, with thirty dollars costs.