JACOB K. MALIS, Respondent, *v.* KNAPP & BAXTER, INCORPORATED, Appellant.

First Department, April 29, 1921.

Sales — action for failure to deliver — complaint insufficient — acceptance by buyer of offer of seller — contract not made by offer "terms cash on arrival" and acceptance "terms 5% discount cash on delivery."

Complaint in an action to recover damages for failure to deliver goods which the plaintiff claims defendant sold to him does not state a cause of action where it is alleged that the defendant offered to sell to the plaintiff certain goods at a price of "81c and down as with the previous lots. Terms cash on arrival subject to usual inspection," and that the plaintiff accepted said offer in writing "at the price you make of 81 cents per foot for the #701 and down terms 5% discount cash on delivery in New York city; subject to regular inspection," for the plaintiff's letter did not unqualifiedly accept defendant's offer but introduced a new condition providing for a discount on payment of cash, and hence the minds of the parties never came together.

APPEAL by the defendant, Knapp & Baxter, Incorporated, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of January, 1921, denying

its motion for judgment on the pleadings consisting of a complaint and answer.

*Charles A. Vilas* of counsel [*Chauncey B. Garver* with him on the brief; *Shearman & Sterling*, attorneys], for the appellant.

*Joseph M. Proskauer* of counsel [*Walter N. Seligsberg* with him on the brief; *Seligsberg, Lewis & Rothschild*, attorneys], for the respondent.

GREENBAUM, J.:

The complaint alleges that on or about June 16, 1919, plaintiff and defendant entered into an agreement in writing embodied in two letters annexed to the complaint and marked Exhibits " A " and " B; " that the defendant failed to make deliveries as required by said agreement and that thereby plaintiff was damaged in the sum of $75,000. Exhibit " A " read as follows:

" DEAR MR. MALIS.— This will confirm our conversation just now concerning the purchase of glazed kid by you from Knapp & Baxter, whom I represent. There are 48 cases in one lot and 35 in the other. There are no 705's in this lot, only 701–2–3–4 and the price as per telephone to Mr. Petrocelli is 81c and down as with the previous lots. Terms cash on arrival subject to usual inspection.

" Sincerely yours,<br>" C. E. BOSWORTH."

The following is a copy of Exhibit " B: "

" DEAR SIR.— We have received your confirmation on the lot of Blumenthal black glazed kid #701, 702, 703 and 704; altogether 2666 dozen and we accept same at the price you make of 81 cents per foot for the #701 and down terms 5% discount cash on delivery in New York City; subject to regular discount inspection.

" Yours respectfully,<br>" JACOB K. MALIS."

To constitute an agreement there must be an unqualified acceptance of the terms of defendant's offer. This rule is well stated in the following excerpt from the opinion of the court in *Poel* v. *Brunswick-Balke-Collender Co.* (216 N. Y.

310, 318): " If the intention of the defendant had been to accept the offer made in the plaintiff's letter of April 4th, it would have been a simple matter for the defendant to have indorsed its acceptance upon the proposed contract which the plaintiff's letter of April 4th had inclosed. Instead of adopting this simple and obvious method of indicating an intent to accept the contract proposed by the plaintiffs the defendant submitted its own proposal and specified the terms and conditions upon which it should be accepted. The defendant's letter of April 6th was not an acceptance of this offer made by the plaintiffs in their letter of April 4th. It was a counter-offer or proposition for a contract. * * * The plaintiffs did not acknowledge the receipt of this order and the proposal remained unaccepted. As the party making this offer deemed this provision material and as the offer was made subject to compliance with it by the plaintiffs it is not for the court to say that it is immaterial. When the plaintiffs submitted this offer in their letter of April 4th to the defendant only one of two courses of action was open to the defendant. It could accept the offer made and thus manifest that assent which was essential to the creation of a contract, or it could reject the offer. There was no middle course. If it did not accept the offer proposed it necessarily rejected it. A proposal to accept the offer if modified or an acceptance subject to other terms and conditions was equivalent to an absolute rejection of the offer made by the plaintiffs."

The plaintiff's letter, Exhibit " B," did not unqualifiedly accept the offer expressed in Exhibit " A," in that it injected after the word " terms," the words " 5% discount," which were not in the remotest sense mentioned in the offer. The deduction of five per cent of the purchase price fixed in Exhibit " A " would amount to upwards of $7,000.

The learned Special Term justice in his opinion states: " That the inclusion of the 5% discount term was not in fact an additional element, but a perhaps superfluous act of caution by the plaintiff in reiterating the defendant's intention as to discount to be allowed manifested by its prior reference to the former sales." In stating that the five per cent is a reiteration of " the defendant's intention as to discount to

be allowed manifested by its prior reference to the former sales," the court reads into plaintiff's offer something which does not appear therein. To reach such a conclusion one would be obliged to assume that the word "down" used in connection with the words, "with the previous lots," means five per cent discount. There is, however, nothing in the letters about "5%" or a "discount." To deduce such a meaning, one must indulge in pure speculation or surmise.

The offer states that the price is "81c and down as with the previous lots." It is to be observed that there is a period after "lots." The next sentence is: "Terms cash on arrival subject to usual inspection," which completely negatives the idea of any discount.

The parties evidently well knew what the word "down" meant, since Exhibit "B" expressly uses it. In other words, it not only employs the word "down" but adds thereto "5% discount," thus indicating that the latter quoted words are independent of and additional to the word "down."

As the complaint stands, the contract must be determined from Exhibits "A" and "B" without conjecture or guess. Thus tested, there was no acceptance of the terms of the defendant's offer and the complaint fails to state a cause of action.

The order appealed from is reversed, with ten dollars costs and disbursements, and the defendant's motion for judgment on the pleadings is granted, with ten dollars costs, with leave, however, to plaintiff to plead anew upon the payment of costs to date.

DOWLING, LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve amended complaint on payment of costs to date.