Maurice S. Levoff, Appellant, *v.* Washington Piece Dyeing and Finishing Company, a Foreign Corporation, Respondent.

Maurice S. Levoff, Appellant, *v.* Washington Piece Dyeing and Finishing Company, a Foreign Corporation, Respondent.

Supreme Court, Appellate Term, First Department, June 9, 1925.

**Master and servant — wrongful discharge — action for salary and breach of employment contract — servant's employment conditioned on his obtaining at least $3,000 worth of business during first month of employment — contract procured by servant from customer deemed prima facie to constitute mutually binding agreement sufficient to justify defendant's retention of servant.**

A servant, whose contract of employment with his employer was conditioned on his obtaining at least $3,000 worth of business during the first month of his employment, established a *prima facie* case in an action for salary due under, and damages for breach of said contract, where it appears that the servant procured a contract from one of his employer's customers involving more than $10,000 worth of business: that the correspondence shows an acknowledgment of the receipt of an order and a statement of its acceptance, and that the contract covered an amount of business sufficient to justify the defendant retaining the servant in its employ.

Appeal by plaintiff from a judgment in each of the two action of the Municipal Court, Borough of The Bronx, Second District in favor of the defendant, after a trial by a judge without a jury.

*Samuel Ellerstein* [*Harry Stockell* of counsel], for the appellant.

*Samuel J. Siegel,* for the respondent.

Bijur, J.:

These two actions, substantially tried as one, were brought by an employee for salary due under, and damages for breach of,

a contract of employment.  The parties agree that the one question raised on this appeal is determinative of both actions.

Plaintiff's employment as a salesman was conditioned upon his obtaining at least $3,000 of business during the first month. Whether he did this or not depends in turn upon whether he procured a contract from the York Manufacturing Company, which concededly involved over $10,000 worth of business.  Defendant's contention at the trial and on this appeal is that the paper signed by it and addressed to the York Manufacturing Company was a mere option or " privilege " under which the latter company was under no obligation to furnish the amount of business specified. In this view, as the record stands, I cannot agree.  In the covering letter of the defendant, addressed to the York Company, it is spoken of as a " contract."  It opens with the words: " We herewith acknowledge receipt of your order and accept same subject to the terms and conditions listed below."  The acknowledgment of the receipt of an order and a statement of its acceptance import a complete agreement.  There is no indication in the paper that the " terms and comditions listed below " were new or other than those " ordered " by the York Company.  This is not, therefore, a case such as was referred to in *Poel* v. *Brunswick-Balke-Collender Co.* (216 N. Y. 310, 319), namely: " A proposal to accept the offer *if modified* or an acceptance subject to other terms and conditions," which the Court of Appeals said would be equivalent to a rejection of the offer.  Moreover, while it seems to me that the *prima facie* inference to be drawn against defendant from the paper as an admission is that the conditions were not new, that is confirmed by the testimony of defendant in the record to the effect that some work (yielding only fifty dollars) was actually given by the York Company, the witness saying: " I presume that was against that order."  As defendant offered no evidence to controvert what was at least a *prima facie* case tendered by plaintiff that a mutually binding agreement had been made between defendant and the York Company covering an amount of business sufficient to justify plaintiff in his right to continue in defendant's employ, the judgments must be reversed and a new trial ordered, with fifteen dollars costs to appellant to abide the event in each action.

All concur; present, BIJUR, McGOLDRICK and LEVY, JJ.