## RODESCH v. KIRKPATRICK COAL CO.

No. 5239.

Circuit Court of Appeals, Sixth Circuit.

June 13, 1930.

Canada, Williams & Russell, of Memphis, Tenn., for appellant.

R. G. Brown, Abe D. Waldauer, and Chas. L. Glascock, all of Memphis, Tenn., for appellee.

Before DENISON, KNAPPEN, and SIMONS, Circuit Judges.

PER CURIAM.

Rodesch, as purchaser, made an oral contract at Chicago with Fabbri, as agent for the Kirkpatrick Company, to buy from it a quantity of coal. The terms were confirmed by Fabbri in a letter sent from Chicago upon the letterhead of the Kirkpatrick Coal Company, which letterhead stated the business of the coal company, the location of the mines, and that the general offices were at Memphis, Tenn. It bore an overprint in red, "L. F. Fabbri, Manager, Chicago, Ill." The lettersheet also carried, at a considerable distance down the page, printed in capital letters in two lines, certain restrictive provisions. The letter was in form as follows:

"August 24, 1926.

"Rodesch Company, Dixon, Illinois.

"Gentlemen:"

"ALL ORDERS AND AGREEMENTS ARE CONTINGENT UPON STRIKES, CAR SUPPLY AND CONDITIONS UNAVOIDABLE OR BEYOND OUR CONTROL. QUOTATIONS AND AGREEMENTS NOT BINDING UNTIL ACCEPTED BY MEMPHIS OFFICE IN WRITING. ALL SALES ARE MADE STRICTLY F.O.B. CARS MINES AND ANY FREIGHT RATES QUOTED ARE FOR INFORMATION ONLY AND NOT GUARANTEED.

"Attn. Mr. R. A. Rodesch:

"Confirming our conversation, etc."
* * *

"[Signed] Kirkpatrick Coal Company,
"L. F. Fabbri, Resident Mgr."

The only question needing decision is whether the provision that the prices and terms quoted should not be binding until confirmed by the Memphis office, is to be given effect. They were not so confirmed. In the action brought by Rodesch in the court below to recover damages for the coal company's refusal to fill the order, the court thought there was no completed contract, and directed a verdict for defendant. We approve this action. A line of cases holds that obscurely printed conditions upon a letterhead will not be read into a contract written thereon. B. F. Sturtevant Co. v. Fireproof Co., 216 N. Y. 199, 110 N. E. 440, L. R. A. 1916D, 1069. Another line of cases holds

that such printed additions, if sufficiently prominent, must be taken as a part of the contract. Poel v. Brunswick Co., 216 N. Y. 310, 322, 110 N. E. 619. We think this case must be put in the latter class. The conditions are printed very legibly, although in small type. They are in capital letters. They are so placed that they become physically a part of the letter itself. They follow the date and the salutation. It is not open to one who sends or receives such a letter to say that he skipped and did not read the matter which was thus plainly interposed, in the body of the letter. There is in this matter nothing inconsistent with the remainder of the letter. The fact that Fabbri, probably with the company's consent, called himself "Resident Mgr." does not imply authority to over-ride any one of the three restrictions found in this insertion.

The judgment is affirmed.

NOTE: The late Judge KNAPPEN participated in the hearing and decision of this case, but did not see the opinion.