NORDIC TRADING Co., INC., Plaintiff, *v.* IMPERIAL FORWARDING Co., INC., Defendant

City Court of the City of New York, Special Term, New York County, November 30, 1949; on reargument, December 28, 1949.

*Louis B. Resnick* for defendant.

*Robert A. Salomon* and *Seymour S. Detsky* for plaintiff.

CARLIN, J. The motion of the defendant Imperial Forwarding Co., Inc., for judgment on the pleadings, under rule 112 of the

Rules of Civil Practice dismissing on the merits the complaint of the plaintiff, is granted.

When the complaint and the bill of particulars are read together, it becomes apparent that no binding contract for the sale of goods was made between this plaintiff and defendant. Such a contract, to be enforcible, would have to be wholly in writing, that is, all essential terms would have to be expressed in a written contract, or else embodied in a memorandum subscribed by the party sought to be charged, in this case, by the defendant, the alleged purchaser. The alleged " contract " consists of a letter by defendant to plaintiff, in which the defendant made an offer to purchase 250 cases of goods, and of a reply by the plaintiff, on its order blank, which contained, conspicuously printed on the face of it (as appears from a photostatic copy submitted on this motion and which was indeed annexed to the plaintiff's bill of particulars, upon which this motion in part is based), certain provisions or qualifications, among others, the following: " All orders are booked subject to availability of goods " and " We reserve the right to make part shipments against this order ". Thus the plaintiff by no means accepted unqualifiedly and unconditionally the order of the defendant. Through excess of caution it chose to use this form of " acceptance " of defendant's order, and thus left itself an avenue of escape or in the vernacular an " out ". Having chosen to do this, the plaintiff is not now free to impose upon the defendant an unconditional contract when it, the plaintiff, did not bind itself. This is not a case where there has been a part delivery or part acceptance of the goods, so that an enforcible contract, valid under the Statute of Frauds, never came into being. It will not do for the plaintiff to say that the printed matter on its order form was not intended to be incorporated in the contract. It will not be heard to say this, when, if the situation had been reversed and if the defendant had sued the plaintiff, the latter could have defended on the ground of unavailability of the goods or on the further ground that it had exercised its " right to make part shipments ", whatever this equivocal language may mean. Probably this order blank was prepared during the war, in a sellers' market. But a party is not free to accept an offer with conditions which leave him an easy eschewing of obligation and then to hold the other party to a firm contract. There is no room here for oral testimony indicating a different contract than that which is shown by the writings; the Statute of

Frauds does not permit of this. There is no such question here as in *B. F. Sturtevant Co.* v. *Fireproof Film Co.* (216 N. Y. 199) where there was a legitimate question whether certain printing was part of the body of a letter. There, too, work under the contract had actually started and there was also no question of the Statute of Frauds. The case involved work, labor and services and not a contract for the sale of goods. Rather, the present case is like *Poel* v. *Brunswick-Balke-Collender Co.* (216 N. Y. 310, 319) in which a conditional acceptance of an offer (just as in the case at bar) was held to be '' equivalent to an absolute rejection of the offer ''. In the present case, as in the *Poel* case (*supra*), the printed words are sufficiently clear to give adequate notice, and there is no reason to suppose that the plaintiff would not have made use of them if they had served the plaintiff's purpose. For that reason alone the plaintiff may not now be permitted to avoid their effect. The following from the *Poel* case (*supra,* p. 324) is applicable here: '' If we limit our consideration to the writings it is plain that there was no contract because the offer of the defendant was not accepted. If we should indulge the assumption, which we think we are not warranted in doing, that the writings do not correctly set forth the alleged previous parol agreement, then the writings cannot constitute a sufficient note or memorandum of that parol agreement to satisfy the requirements of the Statute of Frauds. Upon either proposition the plaintiffs have failed to establish a cause of action.'' (Also, cf. *Ohio & Michigan Coal Co.* v. *Clarkson Coal & Dock Co.,* 266 F. 189, and *Rodesch* v. *Kirkpatrick Coal Co.,* 41 F. 2d 518.)

Therefore, the complaint of the plaintiff Nordic Trading Co., Inc., against Imperial Forwarding Co., Inc., is dismissed on the merits, and judgment may be entered accordingly. The action is severed so that it may continue in other respects.

Order signed.

(On reargument, December 28, 1949.)

Motion for reargument is granted. Upon reargument the original determination is in all respects adhered to. The '' additional matters '' sought to be presented on reargument are wholly immaterial and could not alter the result. Plaintiff simply has no cause at all in view of the Statute of Frauds, and no purpose would be served by allowing an amendment. If plaintiff were allowed a recovery here the Statute of Frauds would be rendered meaningless. Plaintiff's president has admitted, when testifying under examination before trial, that

the order for 42 cases and the order for 250 cases were separate orders. This is not a case of a divisible contract but of two separate contracts. Plaintiff cannot avoid the effect of the admission made by its president as above indicated. Furthermore, as I said when the matter was originally before me: " It will not do for the plaintiff to say that the printed matter on its order form was not intended to be incorporated in the contract. It will not be heard to say this, when, if the situation had been reversed and if the defendant had sued the plaintiff, the latter could have defended on the ground of unavailability of the goods or on the further ground that it had exercised its ' right to make part shipments ', whatever this equivocal language may mean." Neither the law nor the equities are with the plaintiff.