Harold Tessler, J.
Motion by defendant for judgment on the pleadings.
This is an action to recover damages for breach of a written partnership agreement dated January 28,1962.
Defendant denies the crucial allegations of the complaint and sets forth two affirmative defenses: first, that the agreement was terminable at will and was terminated by the parties on or about April 30,1962; and, second, that on or about that date an accounting was had between the parties which was accepted by the plaintiff and that the parties released each other from any and all obligations with respect to the partnership and the agreement.
Plaintiff attaches a copy of the agreement to his bill of particulars and states, in item (b) of his bill, that defendant unilaterally breached the agreement and, in item (c), that “ It was the understanding of the parties that the partnership agreement continue at least to January 1,1966.”
The agreement in question provides, in crucial part, thatu The partnership of Schneider & malmeth shall be a continuing partnership.”
Defendant contends that the partnership was nevertheless one at will and thus terminable at any time by either partner. Plaintiff contends that the partnership was to continue at least until January 1,1966, the termination date of his public employment.
It appears that the agreement in question was drawn by defendant’s former attorney, who acted for both parties. Presumably, such attorney knew that a partnership agreement which does not specify a definite term or particular undertaking creates a partnership at will. (Partnership Law, § 62, subd. 1, par. [b].) Why, therefore, it may be asked, was it expressly provided that this partnership should be li a continuing partnership ”?
It may, of course, be argued that this provision did no more than state the legal effect which would in any event have been *967 given to the partnership agreement as to term and was, consequently, mere surplusage. It may, however, also be argued that if it had been the intention of the parties to create a partnership at will it would have been simple to do so either by saying nothing as to term or by providing expressly, ‘1 This is a partnership at will.” By specifically including a provision that this is “a continuing partnership ”, however, the parties may in fact have intended that the partnership not be one at will but one for a definite, although unexpressed, period of time. The latter construction would be more in harmony with the basic rule that a contract “ is to be construed as a whole, and effect is to be given to every word or expression contained in it where there is no irreconcilable conflict.” (Poel v. Brunswick-BalJce-Collender Co., 216 N. Y. 310, 322.) To adopt the construction urged by defendant would be to give no effect at all to the provision in question. That result may, of course, be reached after a trial; it is not, however, compelled on the pleadings and bill of particulars alone.
In the opinion of this court, the inclusion of the provision in question raises an ambiguity as to the term of this partnership, an ambiguity which may be resolved only after inquiry into all of the surrounding circumstances bearing upon the intention of the parties. Parol evidence for that purpose would not serve to alter, modify or contradict that provision of the contract since a partnership for a definite term or a particular undertaking is as continuing during the period of that term or undertaking as is a partnership at will prior to its termination. Defendant's motion is accordingly denied.