■ FELDMAN CO., INC., Appellant, v ATWOOD RICHARDS, INC., Respondent, et al., Defendants. [636 NYS2d 312] —Order, Supreme

Court, New York County (Beatrice Shainswit, J.), entered October 25, 1994, which denied plaintiff's motion for partial summary judgment as against defendant Atwood Richards, Inc. and which granted the cross motion for summary judgment dismissing the amended complaint as against defendant Atwood Richards, and judgment, same court and Justice, entered thereon on November 2, 1994, unanimously affirmed, with one bill of costs.

The IAS Court, in granting summary judgment in favor of defendant Atwood Richards, properly determined that the clause in the April 17, 1992 Letter Agreement between plaintiff and Atwood Richards, which specifically provided that the goods were "subject to availability from [defendant] Lapoutre", is an express contingency to performance which relieved Atwood Richards from liability, when defendant Lapoutre refused to deliver those goods (*see, e.g., Nordic Trading Co. v Imperial Forwarding Co.*, 197 Misc 27, *affd* 197 Misc 1042; *Birmingham Small Arms Co. v Brooklyn Cycle*, 408 F Supp 707, 713). In enforcing the parties' contract as written, the IAS Court therefore correctly found that the clear intention of the unambiguous "subject to availability" clause in the parties' agreement was to relieve defendant Atwood Richards from contractual liability if, for any reason, defendant Lapoutre refused, as it ultimately did, to make the subject goods available. We have considered the plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Kupferman, Ross and Williams, JJ.